Allene L. DRIVER, Plaintiff/Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant/Appellee.

No. 84–6514.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 1985.

Decided Dec. 26, 1985.

Lola M. McAlpin-Grant, Inglewood, Cal., for plaintiff/appellant.

Dennis Mulshine, Gary L. Floerchinger, Dept. of Health & Human Services, San Francisco, Cal., for defendant/appellee.

Before BARNES, GOODWIN, and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Allene Driver ("Appellant") appeals from the district court's summary judgment in favor of the Secretary of Health and Human Services ("Secretary"). We have jurisdiction pursuant to 28 U.S.C. § 1291 (1982). The issue is whether there is substantial evidence to support the Secretary's determination that appellant is not entitled to mother's insurance benefits under the Social Security Act because she did not meet the requirements for entitlement during the effective retroactive period prior to filing her application, and whether the Secretary applied proper legal standards. We affirm.

### Facts

The facts are not in dispute. Allene Driver claims entitlement to mother's survivor insurance benefits under section 202(g) of the Social Security Act, 42 U.S.C. § 402(g) (1982), on account of her deceased husband, Clarence Driver. The appellant and decedent wage earner had two children: a daughter born in 1956 and a son in 1958.

Appellant's husband's plane crashed while he was employed as a pilot for Air America, Inc., (a U.S. Government contractor) on March 7, 1973 in Laos. The wreckage of decedent's plane was located on March 14, 1973, but no survivors or bodies were found. On February 18, 1982, under section 206 of the War Hazards Compensation Act, 42 U.S.C. § 1716 (1982), the United States Department of Labor issued a Certificate of Presumptive Death to the effect that appellant's husband is presumed to have died on March 7, 1973, the date on which he disappeared.

Appellant filed for retroactive Social Security survivors' benefits on July 24, 1981, claiming eligibility as of March 7, 1973. The Department of Health and Human Services, Social Security Administration denied her claim for mother's insurance benefits. This decision was upheld after a hearing before an Administrative Law Judge and affirmed by the Department's Appeals Council. Appellant then filed a complaint in the United States District Court. The court found that substantial evidence supported the Secretary's determination that appellant was not entitled to mother's insurance benefits, and granted the Secretary's motion for summary judgment.

### Standard of Review

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1982), provides for judicial review of a final decision of the Secretary. Judicial review is limited to a determination of whether the Secretary's findings of fact are supported by substantial evidence and whether proper legal standards were applied. *Bilby v. Schweiker,* 762 F.2d 716, 718 (9th Cir.1985); *Valencia v. Heckler,* 751 F.2d 1082, 1088 n. 6 (9th Cir.1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and it must be based on the record as a whole. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

### Discussion

Section 202(g) of the Social Security Act, 42 U.S.C. § 402(g) (1982), provides for the

payment of mother's insurance benefits to the widow of a fully or currently insured deceased wage earner if she has filed an application for mother's insurance benefits, has in her care a child entitled to child's insurance benefits at the time of filing of the application, and meets certain other eligibility requirements not relevant to this case. An application for mother's insurance benefits is retroactive only for a period of up to six months from the date of application. 20 C.F.R. § 404.621(a)(1)(ii) (1985). Further, an applicant's eligibility depends upon her children's eligibility at the time of filing of the application. 42 U.S.C. § 402(d)(1) and 20 C.F.R. § 404.-350(e) (1985).

The Secretary found that appellant filed an application for mother's insurance benefits on July 24, 1981. The appellant's children were born in 1956 and 1958, and were 24 and 22 years of age during the retroactive life of appellant's application for mother's insurance benefits. The Secretary found that the children were well over the age limit established in 42 U.S.C. § 402(d)(1), and therefore not entitled to children's insurance benefits at the time appellant filed her application. Finally, because appellant's eligibility depended upon her children's eligibility, the Secretary found that appellant did not meet the requirements for entitlement to mother's insurance benefits.

 These facts provide substantial evidence to support the Secretary's determination that appellant was ineligible for mother's insurance benefits at the time she filed her application. The filing of an application is a prerequisite to the entitlement to benefits, *Johnson v. United States,* 572 F.2d 697, 699 (9th Cir.1978); *see also Cheers v. Secretary of HEW,* 610 F.2d 463, 467–68 (7th Cir.1979), *cert. denied,* 449 U.S. 898, 101 S.Ct. 266, 66 L.Ed.2d 128 (1980); *Leimbach v. Califano,* 596 F.2d 300, 304 (8th Cir.1979), and benefits cannot be paid for periods earlier than the retroactive limit

provided for in the Act. *Johnson v. United States,* 572 F.2d at 699 (affirming summary judgment upholding Secretary's denial of retroactive child benefits beyond one year under analogous section 402(j)(1)).[1] Thus the Secretary applied the correct legal standards.

Appellant's justification for claiming retroactive benefits beyond the six-month period of limitations from time of application is that she could not have filed prior to the Government's determination of her husband's presumptive death. Appellant argues that although her eligibility for benefits commenced in March, 1973, her right to institute her action did not accrue until February, 1982, when the Certificate of Presumptive Death issued, and that under these circumstances the six-month limitation period should not preclude retroactive eligibility. She speculates that had she filed for benefits in March, 1973, the Secretary would probably have denied her claim asserting that there was no showing and no presumption of her husband's death.

Appellant's contention that she was not entitled to file a claim for benefits before an official finding of death was made is erroneous. Nothing in the Act or the Secretary's regulations prevented her from filing an application at any time. In fact, the regulations provide for a presumption of death in the absence of any other official finding of death. *See* 20 C.F.R. § 404.721 (1985). Moreover, had an earlier claim been filed and denied as appellant speculates, that claim could have been reopened at any time that proof of death was obtained or when the seven year presumption of death arose. *See* 20 C.F.R. § 404.-988(c)(4) (1985). Finally, appellant's argument is undermined by the fact that she actually instituted her claim in July, 1981, seven months before the issuance of the Certificate of Presumptive Death. Her claim was not denied due to lack of proof of her husband's death; it was denied because she did not have an eligible child under her care.

---

**1.** 42 U.S.C. § 402(j)(1) then provided that Child Survivor Benefits may be paid retroactively for only 12 months. It was amended in 1980 to add subsection (B) which provides a six month retroactive period in certain cases. *See* 42 U.S.C. § 402(j)(1)(B) (1982).

It is indeed unfortunate that Mrs. Driver did not file her application earlier, but under the law we are required to affirm the decision of the district court.

AFFIRMED.