974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard S. FELLRATH, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., et al., Defendant-Appellee.
 No. 91-15517.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 15, 1992.
Decided Sept. 14, 1992.
 
 Appeal from the United States District Court for the District of Nevada; No. CV-89-00837-PMP, Philip M. Pro, District Judge, Presiding.
 D.Nev.
 REVERSED AND REMANDED.
 Before HUG, SKOPIL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Fellrath appeals from the district court order granting summary judgment in favor of the Secretary of Health and Human Services (Secretary) and denying him disability benefits under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i), 423. The district court exercised jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the decision of the district court de novo, and thus examine the decision of the Secretary to ensure that it is supported by substantial evidence. Fair v. Bowen, 885 F.2d 597, 601 (9th Cir.1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and it must be based on the record as a whole." Driver v. Heckler, 779 F.2d 509, 510 (9th Cir.1985). We reverse.
 
 
 3
 The ALJ relied on Rule 201.29 of the Medical Vocational Guidelines (Grids) in Appendix 2, 20 C.F.R. § 404.1501, to conclude that Fellrath was not impaired for purposes of the Social Security Act. However, when "a claimant's nonexertional limitations are in themselves enough to limit his range of work, the grids do not apply, and the testimony of a vocational expert is required to identify specific jobs within the claimant's abilities." Polny v. Bowen, 864 F.2d 661, 663 (9th Cir.1988).
 
 
 4
 Unlike the Polny case, where the ALJ concluded on his own that the claimant could perform a wide range of jobs that were not highly stressful, the ALJ in the instant case did rely upon the recommendation of Dr. Thomas Perrin, a vocational expert. Perrin opined that Fellrath could engage in sedentary semi-skilled labor, such as working as a dispatcher routing traffic. However, the record reveals that the ALJ did not pose any hypothetical questions to the vocational expert that acknowledged Fellrath's nonexertional impairments. Nonetheless, the record reveals much evidence that Fellrath indeed suffers from potentially disabling depression and anxiety.
 
 
 5
 Fellrath underwent a psychological examination by Dr. Kelly who wrote to the Secretary in a letter dated August 23, 1988 that Fellrath
 
 
 6
 is suffering from chronic pain; he is depressed; he is extremely anxious; his personal appearance is starting to deteriorate. He has difficulty concentrating and he is on a number of different medications. It appears very doubtful at this time that this man could function with other people....
 
 
 7
 The Secretary then ordered Fellrath to be examined by Dr. Cable, a neurologist, who wrote in a letter dated August 31, 1988 that Fellrath's "problems appear to relate to his chronic pain syndrome and anxious depression." Fellrath was then examined by Dr. Viele who, on October 19, 1988, wrote that Fellrath "will have difficulty maintaining attention to task for longer periods, due to the intrusion of pain and symptoms of depression. This will interfere with regular attendance and the regular work schedule...."
 
 
 8
 In addition, Fellrath's treating physician, Dr. Smith, wrote the Secretary on March 3, 1989 to advise that it was his opinion "that Mr. Fellrath is extremely unstable and should be granted SSI." None of Fellrath's nonexertional impairments were discussed with the vocational expert during the hearing. The Polny requirement that the ALJ must consult a vocational expert when a claimant has nonexertional impairments that are in themselves disabling would be meaningless if the ALJ were not obligated to actually discuss the mental disabilities during the consultation.
 
 
 9
 The medical evidence in the record indicates that Fellrath's nonexertional impairments are in themselves sufficient to limit his range of work. These impairments must be considered by a vocational expert when considering whether Fellrath is capable of engaging in any substantial gainful activity. The transcript of the Administrative hearing reveals that the vocational expert in the instant case did not discuss these impairments with the ALJ.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3