**Gloria SISCO, on behalf of and for the children of Denise BOISSEAU, Plaintiff,**

v.

**Donna SHALALA, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 93–1185.

United States District Court, D. New Jersey.

April 8, 1994.

Alan J. Arffa, Gregory A. Clarick, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for plaintiff.

Anthony J. LaBruna, Jr., Sp. Asst. U.S. Atty., Office of the U.S. Atty., Newark, NJ, for defendant.

## OPINION AND ORDER

WOLIN, District Judge.

This matter comes before the Court on motion of defendant Secretary of Health and Human Services ("the Secretary") to dismiss plaintiff Gloria Sisco's ("Sisco") complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Sisco moves on cross-motions, pursuant to Rule 12(c), for judgment on the pleadings, and in the alternative, pursuant to Rule 37(a)(2), to compel the production of documents. For the reasons which follow, the Court will grant the Secre-tary's motion to dismiss and deny Sisco's cross-motions.

## BACKGROUND

The theme of this case concerns every parents' nightmare: the unexplained disappearance of their child. It also reflects the faith and hope parents exhibit when it concerns the welfare of their children, and the consequences this belief can cause. The genesis of this action commenced with the disappearance of Sisco's daughter, Denise Boisseau, on April 28, 1988. Denise's four minor children came under the care of Sisco, who became their legal guardian. An investigation was conducted and two days later, on April 30, 1988, Denise's car was discovered in a wooded area in Hatfield, Massachusetts. There was no explanation, nor was there any evidence to suggest what had happened to Denise. On May 8, 1990, more than two years after her disappearance, the skeletal remains of Denise were located and positively identified in the same area where her car was found. A death certificate was subsequently issued on June 27, 1990, setting April 30, 1988 as the date of death.

On September 12, 1990, Sisco filed an application for child's insurance benefits on behalf of the four children, pursuant to 42 U.S.C. § 402(d) and (j). On October 21, 1990, the Secretary notified Sisco that the children would be awarded child's insurance benefits as of March 1990, six months retroactive from the date of filing, and a lump sum death payment. On March 28, 1991, Sisco filed a request for reconsideration seeking additional retroactive benefits back to the confirmed date of Denise's death in April, 1988. On May 17, 1991, the Secretary affirmed its earlier decision.

Sisco then requested an administrative hearing, which was held on November 15, 1991. She asserted that it would have been futile to file for benefits because it would have resulted in an almost certain denial of her claim because of the lack of requisite proof of Denise's death. However, on February 5, 1992, the administrative law judge found that a procedure was in place to preserve Sisco's claim for benefits, and that the law was specific and allowed no latitude, and

thus ruled that the children were entitled to benefits starting in March 1990, but not retroactive to the date of Denise's death. On March 26, 1992, Sisco requested the Appeals Council review the decision and on January 19, 1993, the Appeals Council denied the request for review, and affirmed the administrative law judge's decision as the final decision of the Secretary.

The complaint in the within action was filed on March 18, 1993. Sisco seeks review of the final decision of the Secretary that her grandchildren are entitled to benefits as of March 1990. Sisco contends the benefits should be awarded as of April 1988, the date of death of her daughter Denise.

## DISCUSSION

### A. Standard of Review—Rule 12(b)(6)

In considering the Secretary's motion to dismiss for failure to state a claim pursuant to 12(b)(6), the Court must limit its consideration to the facts alleged in the complaint. *Biesenbach v. Guenther*, 588 F.2d 400, 402 (3d Cir.1978). Moreover, in its examination of the complaint, the Court is required to accept all of the allegations contained therein and all inferences arising therefrom as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). If plaintiff can prove any set of facts in support of her claim that would entitle her to relief, her complaint should not be dismissed. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *D.P. Enterprises v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir.1984).

### B. Criteria to Qualify for Benefits

42 U.S.C. § 402(d) provides for the payment of child's insurance benefits to every child of an individual who dies fully or currently insured if the child files an application and meets certain other eligibility requirements[1]. 42 U.S.C. § 402(j)(1)(B) provides that child's insurance benefits may be paid retroactively for a period of six months[2].

### C. Merits of the Claim

The question posed before the Court is whether Sisco has failed to state a claim pursuant to Rule 12(b)(6). The Secretary argues that Section 402(j) limits Sisco's claim for insurance benefits to the six month period immediately preceding the date she filed (September, 1990). According to the Secretary, the statute does not authorize the exception Sisco is seeking to extend the time period back over two years to receive benefits. Sisco counters the Secretary's arguments and states that her predicament demands relief, and regardless of what the statute says, it was not meant to include her situation. While the Court recognizes the unusual circumstances of the case, and is sympathetic to Sisco's claim, the Court finds the benefits Sisco requests cannot be paid for a period earlier than the retroactive limit provided for in the Act.

In reaching this decision, the Court finds the Secretary's discussion of *Boyd v. Bowen*, 797 F.2d 624 (8th Cir.1986) and *Driver v. Heckler*, 779 F.2d 509 (9th Cir.1985) persuasive. The Eighth Circuit in *Boyd* considered a similar situation, and found that, despite the unfortunate consequences of the ruling, it could not retroactively award benefits be-

1. The relevant parts of the 42 U.S.C. § 402(d)(1) provide:

   Every child ... of an individual who dies a fully or currently insured individual, if such child—
   (A) has filed application for child's insurance benefits,
   (B) at the time such application was filed was unmarried and ... had not attained the age of 18 ... and,
   (C) was dependent upon such individual— ...
   (ii) if such individual has died, at the time of such death, ...
   shall be entitled to a child's insurance benefit for each month, beginning with—

   (i) in the case of a child ... the first month in which such child meets the criteria specified in subparagraphs (A), (B), and (C), ...

2. 42 U.S.C. § 402(j)(1)(B) reads:

   ... an individual who would have been entitled to a benefit under subsection ... (d) ... had he filed application therefor prior to the end of such month shall be entitled to such benefit for such month if he files application therefor prior to—
   ... (B) the end of the sixth month immediately succeeding such month ...

cause of the five-and-a-half year delay in filing an application. *Boyd*, 797 F.2d at 628. There, plaintiff's husband disappeared while on a fishing trip. *Id.* at 626. Searchers located the angler's car and trailer, the capsized boat, and his drowned companion, but the husband was not found. *Id.* The state of Missouri provided for a presumption of death after a period of five years of unexplained absence and hence, plaintiff waited five-and-a-half years to apply for the benefits. *Id.* While the principle reason the application was denied was because the children were no longer eligible to receive benefits, the reasoning employed by the Eighth Circuit forms the basis of this opinion.

The Eighth Circuit stated that nothing in the Act prevented plaintiff from filing an application well-before the five year presumption of death period had expired, despite not having an official declaration of her husband's death. *Id.* at 627. Where preferred evidence of death, such as a death certificate, is not available, a claimant can explain why the evidence is not available, and substitute other evidence. *Id.* More importantly, the filing of the application, if denied, can be re-opened at any time when death is established, and benefits would be payable as of the date of the original filing. Thus, *Boyd* suggests that a procedure was available to Sisco to preserve her grandchildren's interest that she simply did not utilize.

Sisco argues that *Boyd* is distinguishable in that it was not reasonable for the *Boyd* plaintiff to believe her husband was alive, and thus the failure to apply for benefits was not justified. In her case, Sisco asserts that her belief that Denise was alive was reasonable, and the delay in filing was justified, and as such, an exception to the statute can be implemented. However, this fact-driven analysis is misguided.

The issue is not whether there was an abundance of evidence to believe from the

initial disappearance that death was the likely result. The importance of *Boyd* rests with the idea that regardless of the likelihood, or hope, that someone is alive, a claimant may not slumber on her rights to be entitled to benefits. A claimant must make a timely application to preserve ones' interest in the benefits that they are entitled. The Court recognizes that if Sisco filed an application, it most probably would have been denied. Nevertheless, the procedure to apply for benefits is established, despite the apparent illogical result.

Plaintiff's distinguishing of *Driver v. Heckler*, 779 F.2d 509 (9th Cir.), also fails to persuade the Court. The facts of *Driver* involve a husband's plane crashing in Laos in 1973 with no survivors or bodies found. *Driver*, 779 F.2d at 510. The wife waited eight years to file for benefits, and was denied because her children were no longer eligible to receive them. *Id.* at 511. As was with *Boyd*, the underlying lesson of *Driver* is when a claimant has the opportunity to file a timely application, but fails to take advantage, benefits will not be paid for periods earlier than the retroactive limit provided for. It does not matter if there is an extremely high probability of death. Nothing in the Social Security Act prevented Sisco from filing an application at any time, regardless of the probability of success[3].

## D.  *Statutory Interpretation*

In pursuing her claim, Sisco asks the Court, through a variety of ways, to disregard the language of the Act and imply an exception so as to comport with the philanthropic intentions of the Social Security Act. Whether by analogizing her predicament to a principle in contract law, or stating that strict statutory interpretation offends sound public policy, Sisco is unable to convince the Court that her claim should not be dismissed.

**3.**  If the Court were to accept Sisco's explanation of *Boyd* and *Driver*, and apply the retroactive rule only in cases where the filing of an application was late due to an unreasonable belief that the insured was alive, the Court would have reached the same conclusion. While the Court does not question the faith Sisco had in her daughter being alive, the circumstances of the case *sub judice* suggest that it was more likely than not that her daughter was not alive (she had been missing for over two years without any explanation as to her whereabouts), that her belief was not reasonable, and, thus, make the facts of the present case more similar to *Boyd* and *Driver*.

First, Sisco argues that the Court should apply principles of contract law to modify the language of the Act and award two-years' worth of retroactive benefits to the grandchildren. Sisco posits that it is a well-settled principle of contract law that, when unforeseen circumstances render an aspect of a contract impossible or impracticable, it is proper for a court to modify the duties of the parties. Here, plaintiff asserts, because it was impossible for Sisco or the grandchildren to apply for benefits (because there existed no reason for them to file prior to May, 1990), and futile, the Court should rewrite the Act.

In essence, Sisco asks this Court to be guided by sympathy when interpreting the Act. This, the Court will not do. When interpreting a statute, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there," *Connecticut National Bank v. Germain,* — U.S. —, —, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992), regardless of the amount of sympathy a court feels towards a claimant (and this Court has a heavy-heart with respect to this decision). The Court finds the statute involved to be clear and unambiguous. One exception, and one only, is included in the Act that would enable the Court to bypass the six-month retroactive rule[4]. If more exceptions were intended, Congress would have added more. "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Germain,* — U.S. at —, 112 S.Ct. at 1149 (quoting

*Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981)). Although Sisco may not be happy with the statute, she cannot deny its continued existence, vitality, or application. Because. the Court is unable to construe the statute for anything other than its plain-meaning, any argument concerning its flexibility should be directed to Congress. It is indeed unfortunate that Sisco did not file her claim earlier, but under the law, the Court is required to grant the Secretary's 12(b)(6) motion and dismiss the complaint[5].

Sisco also argues that the denial of benefits violates her due process and equal protection rights under the Fifth Amendment. She asserts that the Act is patently irrational, and the classification between those individuals who learn of a loved ones' death immediately and those who do not lacks a rationale basis.

In considering social welfare legislation, courts afford considerable deference to Congressional line-drawing. *Boyd,* 797 F.2d at 627. The eligibility requirements for the Act are not so irrational as to implicate a violation of due process. The requirement that applications be made within six months "enables the government to 'preserv[e] ... the social security fund's fiscal integrity' by insuring that the Administration knows within a reasonable time frame what demands will be made on the fund". *Id.* (quoting *Mitchell v. Harris,* 496 F.Supp. 230, 235 (D.N.J.1980)). As a result, the Court finds there is a rational justification for the eligibility requirements to receive benefits.

---

**4.** 42 U.S.C. § 402(j)(5) states:

In any case in which it is determined ... that an individual failed as of any date to apply for monthly insurance benefits under this title by reason of misinformation provided by any officer or employee of the Social Security Administration relating to such individual's eligibility for benefits under this title, such individual shall be deemed to have applied for such benefits on the later of—
(A) the date on which such information was provided ... or,

(B) the date on which such individual met all *requirements* for entitlement to such benefits (other than application therefor).

**5.** Because the Court grants the Secretary's motion to dismiss, the Court denies Sisco's Rule 12(c) motion for judgment on the pleadings. The standard for Rule 12(c) is that the court will view the pleadings in a light most favorable to the non-moving party and will "grant the motion only if the moving party establishes that no material issue of fact remains and that it is entitled to judgment as a matter of law." *Revis v. Slocomb Industries, Inc.,* 765 F.Supp. 1212, 1213 (D.Del. 1991) (quoting *Shelly v. Johns–Manville Corp.,* 798 F.2d 93, 97 n. 4 (3d Cir.1986)). With the Court's granting of the Secretary's 12(b)(6) motion, it is implicit that the threshold is not met with respect to Sisco's 12(c) motion, and thus, will be denied.

### E. *Motion to Compel Production of Documents*

■ In the alternative, Sisco requests that the Court forego a decision on dismissal, and direct that the Secretary produce certain documents relevant to this action [6]. Relying on *Hummel v. Heckler*, 736 F.2d 91 (3d Cir.1984), Sisco argues that while 42 U.S.C. 405(g) limits the Court's factual review to determining whether the Secretary's findings are supported by substantial evidence, the Court must consider whether the Secretary treated Sisco fairly vis-a-vis other similar situated claimants. According to plaintiff, the only way the Court can make such a determination is to review the requested documents.

The Court will deny plaintiff's motion to compel production of documents. The Court finds no statute or case that would provide the necessary authority to grant such broad-based discovery. 42 U.S.C. § 405(a) limits the Court's review to the administrative record. While the court may "at any time order additional evidence to be taken," it can only do so based upon a showing that there is new evidence which is material *and* that there is good cause for the failure to incorporate such evidence into the record in a "prior proceeding ..." *Hummel*, 736 F.2d. at 93 (emphasis added). Based on this standard, the court is unable to compel further discovery. There has been no showing on the part of plaintiff that new evidence exists which is material, nor that there was good cause for the failure to incorporate such evidence in the prior record.

Plaintiff counters that *Hummel* provides for discovery to disclose "information relating to a contention bearing on the *fundamental fairness of the agency hearing.*" *Id.* (emphasis supplied). The Court finds plaintiff's reliance on *Hummel* is off the mark. *Hummel* limits discovery to instances where the fairness of the agency's proceeding, not the agency's determination, was in question. *Hummel*, 736 F.2d at 93. The *Hummel* request for documents arose in the specific context of a request for information concerning the potential bias of the administrative law judge. *Id.* at 92. The *Hummel* court held that:

> *At least in cases such as this,* where information relating to a contention bearing on the fundamental fairness of the agency hearing is in the possession of the government, discovery is available to the Section 405(g) plaintiff. *Id.* at 95 (emphasis added). *See also Grant v. Shalala*, 989 F.2d 1332, 1344 (3d Cir.1993).

Clearly, a claim of possible bias implicates the fairness of the agency proceedings, and thus further discovery was granted. *Id.* The Court however, does not read *Hummel* to apply to the present case. The fairness of the proceedings below are not implicated by Sisco's document demands. Plaintiff simply appears to be searching for more information to aid in her case. This scenario is not addressed in *Hummel*, and as such, discovery is not available.

### CONCLUSION

After a review of the motions and cross-motions, the Court grants the Secretary's motion to dismiss for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6), denies Sisco's motion for judgment on the pleadings under Rule 12(c) as well as her motion to compel production of documents under Rule 37(a)(2).

---

**6.** Specifically, Sisco requests: 1) documents that would disclose instances where the Secretary has granted retroactive social security survivors' benefits for a time period greater than the period referred to in the relevant statutory provisions or administrative decisions, and 2) documents upon which the SSA relied in denying Ms. Sisco benefits.