**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROLLINGTON FERGUSON, MD, | No. 20-17451 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-05262-YGR |
| v. | |
| CENTERS FOR MEDICARE AND MEDICAID SERVICES, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted October 12, 2021[**]

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Rollington Ferguson, MD, appeals pro se from the district court's judgment dismissing his action seeking judicial review of a decision issued by the Departmental Appeals Board of the United States Department of Health and Human Services.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of the applicable statute of limitations. *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1135 (9th Cir. 2001) (en banc). We affirm.

The district court properly dismissed Ferguson's action because Ferguson failed to file his action within the 60-day statute of limitations period and did not present any basis for equitable tolling. *See* 42 U.S.C. § 405(g) (requiring commencement of civil action within 60 days of the Commissioner's decision); *Driver v. Heckler*, 779 F.2d 509, 510 (9th Cir. 1985) (explaining that 42 U.S.C. § 405(g) provides for judicial review of a final decision of the Secretary of Health and Human Services); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (requirements of equitable tolling).

The district court did not abuse its discretion by denying Ferguson's request for judicial notice because Ferguson filed it without leave of court as required under Local Rule 7-3(d). *See* N.D. Cal. Civ. R. 7-3(d) (providing that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval"); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth standard of review).

The district court did not abuse its discretion by denying Ferguson's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) because Ferguson failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J,*

*Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993)

(setting forth standard of review and grounds for relief under Rule 59(e)).

**AFFIRMED.**