**Jeannette E. HUMMEL, Appellant,**

v.

**Margaret A. HECKLER, Secretary of Health and Human Services.**

**No. 83–3417.**

United States Court of Appeals, Third Circuit.

Argued April 5, 1984.

Decided June 11, 1984.

Samuel W. Milkes (argued), Legal Services, Inc., Carlisle, Pa., for appellant.

David Dart Queen, U.S. Atty., James J. West, Asst. U.S. Atty., Middle District of Pa., Harrisburg, Pa., Beverly Dennis, III, Regional Atty., Michael P. Meehan, Asst. Regional Atty. (argued), Dept. of Health and Human Services, Philadelphia, Pa., for appellee.

Before GIBBONS and SLOVITER, Circuit Judges, and MENCER, District Judge.*

GIBBONS, Circuit Judge:

Jeannette E. Hummel appeals from a summary judgment in favor of the Secretary of Health and Human Services in her action, pursuant to 42 U.S.C. § 405(g) (Supp. V 1981), for review of the denial of disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1385 (1976 & Supp. V 1981). Hummel contends that the district court erred in concluding that the Secretary's decision is supported by substantial evidence. Alternatively, she contends that the district court erred in ruling on the Secretary's motion for summary judgment while her motions to compel discovery were outstanding. Those discovery requests sought information concerning possible bias of the administrative law judge who presided at her hearing. We conclude that the court erred in ruling on the Secretary's motion for summary judgment while Hummel's discovery motions were outstanding, and we remand for further proceedings.

* Hon. Glenn E. Mencer, United States District Judge for the Western District of Pennsylvania, sitting by designation.

## I.

Hummel's appeal presents for this court the first occasion to explore the interrelationship between 42 U.S.C. § 405(g) and the Federal Rules of Civil Procedure dealing with discovery. Section 405(g) provides for judicial review of decisions by the Secretary adverse to a claimant for Social Security benefits. The statute limits factual review to determining whether the Secretary's findings are supported by substantial evidence. The court, however, "may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ...." *Id.* Thus, while the district courts have no factfinding role in Social Security review cases, the statute contemplates that matters not included in the administrative record may be presented to those courts for the purpose of establishing the need for an order directing the taking of additional evidence. *See, e.g., Kane v. Matthews,* 583 F.2d 878, 881 (3d Cir.1978); *Zielinski v. Califano,* 580 F.2d 103, 106 (3d Cir.1978).

Because the district courts have no factfinding role in Social Security cases, those cases are ordinarily disposed of on cross-motions for summary judgment made presumably under Fed.R.Civ.P. 56(a), (b). And when a disability claimant seeks to present materials outside the agency record in order to convince the court that a further hearing should be held before the agency, such materials usually consist of additional medical records or opinions, presented in affidavit form. Thus it is rarely the case that a claimant seeking review under Section 405(g) will rely on Rule 56(f) in resisting summary judgment because the claimant seeks discovery of information not presently available.

We must recognize, as well, that while the regulations governing Social Security claim hearings provide for the issuance of subpoenas, they make no provision for discovery. *See* 42 U.S.C. § 405(d). The Social Security Act contains no provision for pre-hearing discovery, and the Administrative Procedure Act does not provide for it. Thus, like most federal administrative proceedings, no pre-hearing discovery is normally available. The provision in section 405(g) authorizing orders for the taking of additional testimony should not, in our view, be construed as a means whereby the discovery provisions of the Federal Rules of Civil Procedure may be imported into the administrative adjudication scheme of the Act.

Nevertheless, the absence of a discovery mechanism during the agency proceeding may in some instances mean that facts with respect to the fairness of that proceeding can be developed only in the district court. This case is illustrative, because the claim which Hummel seeks to litigate bears on the possible bias of the administrative law judge, of which she became aware only after the administrative proceeding had concluded.

It is, of course, axiomatic that "[t]rial before 'an unbiased judge' is essential to due process." *Johnson v. Mississippi,* 403 U.S. 212, 216, 91 S.Ct. 1778, 1780, 29 L.Ed.2d 423 (1971) (per curiam), *citing Bloom v. Illinois,* 391 U.S. 194, 205, 88 S.Ct. 1477, 1484, 20 L.Ed.2d 522 (1968), and *Mayberry v. Pennsylvania,* 400 U.S. 455, 465, 91 S.Ct. 499, 505, 27 L.Ed.2d 532 (1971). That due process rule is applicable to administrative as well as judicial adjudications. *Gibson v. Berryhill,* 411 U.S. 564, 579, 93 S.Ct. 1689, 1698, 36 L.Ed.2d 488 (1973). Indeed, the absence in the administrative process of procedural safeguards normally available in judicial proceedings has been recognized as a reason for even stricter application of the requirement that administrative adjudicators be impartial. *NLRB v. Phelps,* 136 F.2d 562, 563–64 (5th Cir.1943). Recognizing as much, the Social Security Administration has provided by regulation a means for raising a claim of bias before the agency.

> An administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending

for decision. If you object to the administrative law judge who will conduct the hearing, you must notify the administrative law judge at your earliest opportunity. The administrative law judge shall consider your objections and shall decide whether to proceed with the hearing or withdraw. If he or she withdraws, the Associate Commissioner for Hearings and Appeals, or his or her delegate, will appoint another administrative law judge to conduct the hearing. If the administrative law judge does not withdraw, you may, after the hearing, present your objections to the Appeals Council as reasons why the hearing decision should be revised or a new hearing held before another administrative law judge.

20 C.F.R. § 416.1440 (1983).

The quoted regulation apparently contemplates that factfinding with respect to claims of bias take place at the agency level, and that judicial review of bias claims take place in review proceedings under section 405(g). We may assume, without deciding, that had Hummel been aware of the facts giving rise to her claim of bias she would be deemed to have waived it by failing to raise it in the manner specified in 20 C.F.R. § 416.1440. *See, e.g., Duffield v. Charleston Area Medical Center, Inc.*, 503 F.2d 512, 515 (4th Cir.1974). In this instance, as will be seen when we describe it, and as the district court noted, Hummel raised the disqualification claim "as soon as practicable after" she had "reasonable cause to believe that grounds for disqualification exist[ed]." *Marcus v. Director, Office of Workers' Compensation Programs*, 548 F.2d 1044, 1051 (D.C.Cir.1976).

In her motion to compel discovery Hummel contended that after the agency proceedings were completed she became aware of a case pending in the District Court for the District of Columbia, entitled *Association of Administrative Law Judges, Inc. v. Heckler*, No. 83–0124 (D.C.D.C. Jan. 19, 1983), in which administrative law judges seek injunctive relief with respect to practices by the Secretary in conducting so-called "Bellmon Reviews"[1] of their Social Security Act disability determinations. The thrust of the administrative law judges' complaint is based upon the Secretary's maintenance of statistics on individual judges with respect to the percentage of cases in which they allow or disallow benefits. They contend that the Secretary's program is designed to discourage them from awarding benefits. They also charge that the training given to new administrative law judges as a group is designed to create a bias against the award of benefits to claimants. Without detailing the administrative law judges' allegations about the "Bellmon Review" program, it suffices to note that if they are substantially accurate, the impartiality of administrative law judges who have been subjected to it might reasonably be questioned.

The interrogatories and requests for production of documents served by Hummel sought to determine whether or not the administrative law judge who conducted her hearing had prior thereto been subject to a "Bellmon Review," and, if so, to obtain information about it. The Secretary filed objections to the requested discovery on the ground that the information sought was irrelevant. Clearly it is not, since it bears upon a claim of possible bias by the administrative law judge. The Magistrate to whom the case was referred for a report and recommendation recommended that discovery be denied, not because it was irrelevant, but because by not making the claim of bias before the agency pursuant to 26 C.F.R. § 416.1440, she waived it. The district court rejected this reasoning be-

---

1. The reviews in question are made pursuant to section 304(g) of Pub.L. 96–265, and are named after Senator Bellmon who introduced section 304(g) as an amendment. *See* 126 Cong.Rec. S 719–20 (daily ed. Jan. 31, 1980) (statement of Sen. Bellmon). The section provides:

The Secretary of Health and Human Services shall implement a program of reviewing, on his own motion, decisions rendered by administrative law judges as a result of hearings under section 221(d) of the Social Security Act, and shall report to Congress by January 1, 1982, on his progress.

Social Security Disability Amendments of 1980, Pub.L. No. 96–265, § 304(g), 94 Stat. 441, 456.

cause Hummel raised the bias claim " 'as soon as practicable after' she had 'reasonable cause to believe the grounds for disqualification exist[ed].' " App. at 54. In this respect the district court was correct, for it is undisputed on the record before us that Hummel did not learn of the possible ground for disqualification until she learned of the administrative law judges' suit, and that suit was commenced after the final action of the Secretary. Section 405(g) permits consideration of additional evidence on a showing of "good cause for the failure to incorporate such evidence into the [agency] record," and good cause has been established here.

The district court concluded, however, that in this instance the requested discovery was irrelevant because "[t]he objective medical evidence contained in the administrative record more than amply supports the Secretary's conclusion that the Plaintiff is not disabled." App. at 54–55. Thus the court granted summary judgment without affording discovery on the bias claim.

■ We cannot approve the trial court's reasoning. While it may be that substantial evidence in the record as a whole supports the conclusion that Hummel is not disabled, she was entitled to have that evidence evaluated by an unbiased adjudicator. We could apply a harmless error analysis with respect to a claim that the adjudicator may have been biased only if the record contained no evidence whatsoever which might support a finding of disability. Indeed, even if the record was totally devoid of such evidence, the bias of the adjudicator might still be a ground for setting aside a determination adverse to the claimant, for we have repeatedly held that in Social Security disability claim hearings the administrative law judge has an affirmative obligation to assist the claimant in developing the facts. *See, e.g., Tabryon v. Harris,* 667 F.2d 412, 414–15 (3d Cir.1981); *Kephart v. Richardson,* 505 F.2d 1085, 1090 (3d Cir.1974); *Hess v. Secretary of Health, Education and Welfare,* 497 F.2d 837, 840–41 (3d Cir.1974). It is difficult to conceive of how a judge biased against disability claims or claimants could conscientiously perform that duty. Thus we hold that at least in cases such as this, where information relating to a contention bearing on the fundamental fairness of the agency hearing is in the possession of the government, discovery is available to the section 405(g) plaintiff so that she can attempt to convince the district court that a remand to the Secretary for the taking of new evidence is appropriate.

## II.

■ Hummel contends that, entirely aside from the bias issue, the Secretary's decision to deny her benefits is not supported by substantial evidence. The administrative law judge found that Hummel is impaired by psychological and emotional problems and she is unable to perform "her past relevant work ... including housekeeping jobs, library work, filing clerk in a mortgage department, telephone sales work and quality control and packaging and production work." He found, however, that Hummel, a younger person (age forty-two) and a high school graduate, could perform sedentary and light work, not of a stress type. Although we have serious reservations about the administrative law judge's rejection of Hummel's claims of significant pain and functional limitations, we are not prepared to say that the record lacks substantial evidence that she can perform sedentary and light work. The testimony of Barbara Haber, a social worker, and Walter Plank, a rehabilitation counselor, together with Hummel's testimony, certainly would support a disability determination. But the administrative law judge, in discrediting that testimony, found it inconsistent with medical evidence in the record. We hold, therefore, that in the absence of a finding of bias, the Secretary's decision denying benefits is supported by substantial evidence. In the event that a finding of bias is made on remand, a new hearing must be held before an administrative law judge to determine the merits of Hummel's claim.

## III.

The summary judgment in favor of the Secretary will be reversed and the case remanded for further proceedings consistent with this opinion.