**George L. BARRY, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. C–83–6178–WHO.**

United States District Court, N.D. California.

April 18, 1985.

Harvey P. Sackett, San Jose, Cal., for plaintiff.

Joseph P. Russoniello, U.S. Atty., Judith Whetstine, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## ORDER

ORRICK, District Judge.

The issue framed by the cross-motions for summary judgment in this supplementary security income ("SSI") case brought by plaintiff, an unemployed carpenter, against defendant Margaret Heckler, Secretary of Health and Human Services ("Secretary"), is whether plaintiff was assured due process in the manner in which his application for SSI benefits was reviewed. The Court holds that he was not, and that review program following the so-called Bellmon Amendment (hereafter the "Bellmon Review Program") impermissibly infringed his due process rights. For the reasons hereafter set forth, the Court grants the plaintiff's motion for summary judgment and denies the defendant's cross-motion.

### I.

### A.

The Bellmon Review Program was installed by the Secretary to implement Congress' mandate to "[review], on his own motion, decisions rendered by administrative law judges." Pub.L. No. 96–265, § 304(g), 94 Stat. 441, 456 (1980) (The Bellmon Amendment). Congress intended, in passing the Amendment, to improve the quality of decision-making, to redress the high rate at which ALJ's were reversing decision made at state levels, and to redress perceived imbalances between the reversal rates of the various ALJs. *Association of Administrative Law Judges, Inc. v. Heckler*, 594 F.Supp. 1132, 1134 (D.D.C. 1984), *citing*, H.R.Rep. No. 944, 96th Cong., 2d Sess. 57 (1980), *reprinted in* [1980] *U.S.Code Cong. & Ad.News*, 1277, 1392, 1405 and S.Rep. No. 408, 96th Cong.,

2d Sess. 53 (1980), *reprinted in,* [1980] *U.S.Code Cong. & Ad.News,* 1277, 1331.

In implementing the program, the Secretary authorized the Office of Hearings and Appeals to target specific ALJs who had high rates of allowing disability benefits (Memorandum from the Associate Director of the Social Security Administration, Louis B. Hayes, Sept. 24, 1982; Exhibit "B" to Plaintiff's Memorandum In Support). Initially, an ALJ would be targeted for review if he or she had a 66⅔% or higher allowance rate. By April, 1983, the program was supplemented to allow targeting based on the rate at which the Appeals Council reversed the ALJ. Under both criteria, only ALJs with a high allowance rate formed the pool from which targeted ALJs were selected for review.

When an ALJ was selected for review, all of the judge's decisions were subject to Council scrutiny. The judges were also eligible for a mandatory "counseling" program, which included feedback sessions. The sessions were designed to "educate" the ALJs and work on "decisional weaknesses." Although never implemented, the counseling program was described in the memorandum circulated to the ALJs. Finally, the ALJs were advised that if, after further review, their performance did not improve, "other steps" would be considered. (See, Memorandum of the Associate Director, *supra* ).[1]

### B.

Plaintiff was employed as a carpenter from 1958 until January, 1981, when he suffered a heart attack. He returned to work after July, 1981 but suffered chest pains and back pains that prevented him from performing sustained activity throughout the work day. He stopped working on December 28, 1981, and has not been gainfully employed since January, 1982.

Plaintiff brought a claim for disability payments under 42 U.S.C. § 423(a)(1)(D). The administrative law judge ("ALJ") granted the plaintiff disability benefits, and determined that the plaintiff had the residual capacity to perform "sedentary work" as defined by 20 C.F.R. § 404.1567. The Appeals Council, on its own motion, chose to review the ALJ's decision. On December 6, 1983, the Appeals Council reversed the ALJ and concluded that the plaintiff was not entitled to disability benefits. Specifically, the Council found that the plaintiff had the "maximum sustained capacity for a full range of medium work activities." (Tr., pp. 12–13).

■ The Secretary argues that the Court may not hear plaintiff's constitutional claim because its jurisdiction is limited on review to an inquiry of whether the Appeals Council had substantial evidence to support its decision. The Court finds the Secretary's position wholly untenable as it not only contravenes the jurisdictional statute found at 28 U.S.C. § 1331, but also offends a strong line of authority which holds that a district court may hear constitutional claims on review, even absent an exhaustion of administrative remedies. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Singer v. Schweiker,* 694 F.2d 616 (9th Cir.1982). Therefore, the Court may determine the due process issue raised.

The Secretary also argues that even if the program violated due process principles in general, the plaintiff here was not in any way injured by the program and therefore lacks standing. Specifically, the Secretary asserts that: (1) the ALJ was the only adjudicator affected by the program and here he held in favor of the plaintiff, and (2) due process analysis is irrelevant given that the Council's decision was supported by substantial evidence.

---

**1.** The individual ALJ portion of the Bellmon review program was eliminated by the Office of Hearings and Appeals of the Social Security Administration on June 22, 1984. However, plaintiff's case was heard prior to the program's demise by an ALJ who was subject to the program.

■ Addressing the first argument, although it is true that the ALJ reached a decision in plaintiff's favor, plaintiff was certainly harmed by the targeting program. Had the program not been in effect, the Council would not have automatically reviewed the favorable decision of the ALJ, thereby decreasing the likelihood that benefits would ultimately be denied.

■ As to the second argument, due process rights can be violated even if the Appeals Council had sufficient evidence for its decision. In *Hummel v. Heckler*, 736 F.2d 91 (3d Cir.1984), a social security applicant wished to discover material relevant to whether an ALJ was subject to the Bellmon review program, and, therefore, biased against awarding benefits. The Secretary objected to the request on relevancy grounds, arguing that the findings of the ALJ were supported by substantial evidence. The court allowed the plaintiff's discovery request, stating.

> [w]hile it may be that substantial evidence in the records as a whole supports the conclusion that [plaintiff] is not disabled, she was entitled to have the evidence evaluated by an unbiased adjudicator.

736 F.2d at 95. Therefore, the plaintiff in this case has standing to assert a violation of his due process rights. As noted above, the ALJ rendered a decision in plaintiff's favor, the Appeals Council reviewed the plaintiff's decision and reversed.

The plaintiff claims that the Bellmon review program deprived him of his Fifth Amendment rights by creating incentives for high-allowance ALJs to reduce their rate of allowances. By keeping their rates down, it is argued, the ALJs can avoid scrutiny of all their decisions, avoid feedback sessions, and avoid the threat of "other steps" taken if "no improvement" is made. Additionally, the plaintiff argues that the Appeals Council, by targeting only high-allowance judges, had a hidden agenda to "blue-pencil" or second-guess" the ALJs.

■ The Due Process Clause of the Fifth Amendment requires that the plaintiff receive a "trial before an unbiased judge." *Johnson v. Mississippi*, 403 U.S. 212, 216, 91 S.Ct. 1778, 1780, 29 L.Ed.2d 423 (1971) (per curiam), *quoting, Bloom v. Illinois*, 391 U.S. 194, 205, 88 S.Ct. 1477, 1484, 20 L.Ed.2d 522 (1968) and *Mayberry v. Pennsylvania*, 400 U.S. 455, 465, 91 S.Ct. 499, 505, 27 L.Ed.2d 532 (1971). This due process rule is applicable to administrative as well as judicial proceedings. *Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973); *Hummel v. Heckler, supra*, 736 F.2d at 93. In fact, the requirement of impartiality is applied even more strictly to administrative adjudicators because of the absence of procedural safeguards normally available in a judicial proceeding. *Hummel v. Heckler, supra*, 736 F.2d at 93; *National Labor Relations Board v. Phelps*, 136 F.2d 562, 563–64 (5th Cir.1943).

■ The Secretary's application of the Bellmon Amendment put pressure on selected ALJs to reduce their percentage of benefit allowances, thereby denying claimants of their right to an impartial ALJ. This pressure was applied primarily by way of memoranda from the Office of Hearings and Appeals informing ALJs that: (1) all of their decisions would be scrutinized by the Appeals Council, (2) they would be eligible for special peer counseling, and (3) they would be subject to "other steps" if necessary. Such pressure was recognized in *Association of Administrative Law Judges v. Heckler, supra*, as having adverse consequences on ALJ decision-making:

> ... the evidence as a whole, persuasively demonstrated that [the Secretary] retained an unjustifiable preoccupation with allowance rates, to the extent that ALJs could reasonably feel pressure, in close cases, and in particular, ... that pressure may have intruded upon the factfinding process and may have influenced some outcomes.

594 F.Supp. at 1142.

In addition to depriving a claimant of the right to an impartial ALJ, application of the Bellmon review program impermissibly affected the Appeals Council. Common

sense indicates that targeting certain ALJs with the objective of limiting allowance rates is a method by which the Appeals Council reviewed "liberal" ALJs with an eye toward reversal. Application of the Bellmon Amendment is the way to deprived claimants of their due process rights to an impartial tribunal.

Therefore, IT IS HEREBY ORDERED, that the plaintiff's motion for summary judgment is granted and the defendant Secretary's motion for summary judgment is denied. The determination of the Secretary is reversed and remanded.