Thomas WILLIAMS, Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY.

No. 01–2241.

United States Court of Appeals,
Third Circuit.

Submitted Jan. 17, 2002.

Decided May 23, 2002.

466

Before SCIRICA and ROSENN, Circuit Judges, and KANE, District Judge.*

OPINION OF THE COURT

SCIRICA, Circuit Judge.

This is an appeal from a denial of disability benefits under the Social Security Act. Appellant claims the Commissioner of Social Security's determination was not supported by substantial evidence in the record. He also appeals the denial of his

* The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

motion to compel discovery before the District Court.

We will affirm.

### I.

Thomas Williams has been trying unsuccessfully to receive social security disability benefits for the past sixteen years. The facts of the case have been well documented during that time period. Williams has been tested and found to have a verbal I.Q. in the mid–60s. He has a first-grade education and is illiterate. But he can carry out simple three-step instructions. Williams managed to hold gainful employment for more than 20 years for a steel drum company. After the steel company closed, Williams worked for a short time as a security guard—a position that is normally performed at a light, unskilled level. Williams also suffers from diabetes and arthritis. But he is able to walk or sit for six hours in an eight-hour workday.

In 1992, we affirmed the Social Security Appeals Council's denial of disability for the period before January 30, 1991. *Williams v. Sullivan,* 970 F.2d 1178 (3d Cir.1992). While his first petition was under consideration, Williams again claimed disability as of October 30, 1986. In 1999, the Appeals Council rejected Williams' request to reconsider the period between October 30, 1986 and January 29, 1991 as *res judicata.* Considering only the period from January 30, 1991 through March 31, 1992,[1] the Appeals Council again denied disability finding Williams' able to perform past relevant work as a security guard.

### II.

We review decisions to deny dis-

1. March 31, 1992 is the date Williams last met the special insured status requirements.

ability on a substantial evidence basis.[2] 42 U.S.C. § 405(g) (1991).[3] Williams claims the Appeals Council erred in its determination under 20 C.F.R. § 404.1520(d) (1985).[4] But the record contains substantial evidence to support the Appeals Council's determination that Williams' impairments did not equal those listed in Appendix 1.[5]

■ Williams also claims error under 20 C.F.R. § 404.1520(e) (1985).[6] Substantial evidence in the record supports the Appeals Council's determination that Williams could engage in his relevant past work as a security guard. Therefore, the findings of the Appeals Council are conclusive.

■ Williams claims the Appeals Council erred by applying *res judicata* to the question of disability prior to January 30, 1991, after the ALJ reopened the period for reconsideration. The Appeals Council partially vacated the ALJ's determination because Williams' previous application had become final when the Supreme Court de-nied certiorari. *Williams v. Shalala*, 507 U.S. 924, 113 S.Ct. 1294, 122 L.Ed.2d 685 (1993). We lack jurisdiction to review the Appeals Council's discretionary decision to apply *res judicata* in such a situation. *See Tobak v. Apfel*, 195 F.3d 183, 187 (3d Cir. 1999).[7]

Finally, Williams claims the District Court improperly denied his motion to compel the Commissioner to produce documents relating to: (1) the changes in § 12.05 regarding mental retardation in the Commissioner's Listing of Impairments at 20 C.F.R. Part 404, Subpt. P, Appendix I; and (2) any data prepared in response to the 1992 General Accounting Office (GAO) report entitled "Social Security: Racial Difference in Disability Decisions Warrants Further Investigation." The District Court has power to order taking additional evidence upon petitioner's showing that new and material evidence exists and good cause why it was not incorporated into the record at a prior proceeding. 42 U.S.C. § 405(g).

---

**2.** Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir.1999) (quotation and citations omitted).

**3.** For purposes of review here, the Social Security Appeals Council's decision is the Commissioner's final determination.

**4.** The Social Security Administration uses a 5–step sequence to determine disability. Subsection (d) provides: "When your impairment(s) meets or equals a listed impairment in Appendix 1. If you have an impairment(s) which meets the duration requirement and is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience." 20 C.F.R. § 404.1520(d).

**5.** While Williams offered medical evidence in addition to what he offered to support his initial application for disability, he has still failed to meet his burden under 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05, of showing manifestations of a subaverage general intellectual functioning with deficits in adaptive behavior before age 22. *See Williams*, 970 F.2d 1178, 1184–1187.

**6.** Subsection (e) provides: "Your impairment(s) must prevent you from doing past relevant work. If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled." 20 C.F.R. § 404.1520(e).

**7.** By requesting that we reexamine *Williams* I, Williams essentially tries to do indirectly what he cannot do directly. The original denial of disability prior to January 30, 1991 is *res judicata* and we lack jurisdiction to review it.

 Williams initially filed for disability benefits on October 20, 1987, two years after the publication of amended § 12.05 of the Commissioner's Listing of Impairments which changed the criteria for proving mental retardation. Therefore, Williams' seeks to discover evidence that existed at the time of his earliest administrative hearings and he does not show good cause for failing to incorporate it into the administrative record. Additionally, Williams' request for data related to the 1992 GAO study was properly denied as he failed to show new evidence existed[8] that was material.[9]

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

**8.** There is no evidence that the information Williams requested exists. The District Court noted that Williams "attache[d] to his legal brief a 1996 letter from the National Organization of Social Security Claimants Representatives requesting from the Social Security Administration a follow up report to the 1992 GAO study, a request that was denied because no such report was completed." Additionally, Williams' reliance on *Hummel v. Heckler*, 736 F.2d 91 (3d Cir.1984) is misplaced.

In *Hummel* the appellant sought to compel the production of information concerning possible bias of the administrative law judge who presided at her hearing of which she became aware only after the administrative proceeding had concluded. *Id.* at 92–93. The appellant "sought to determine whether or not the administrative law judge who conducted her hearing had prior thereto been subject to a 'Bellmon Review,' and if so, to obtain information about it." *Id.* at 94. We noted that if the administrative law judges' allegations—in a then pending case—about the "Bellmon Review" were "substantially accurate, the impartiality of administrative law judges who have been subjected to it might reasonably be questioned." *Id.* at 94. We held that "in cases such as this, where information relating to a contention bearing on the fundamental fairness of the agency hearing is in the possession of the government, discovery is available to the section 405(g) plaintiff so that she can attempt to convince the district court that a remand to the Secretary for the taking of new evidence is appropriate." *Id.* at 95.

The facts in this case are distinguishable. Here, the GAO study was published in April 1992 and Williams knew of its existence and the report was mentioned along with his allegations of systemic racial bias in a 1996 administrative hearing. Unlike in *Hummel*, Williams did not show the materiality of the evidence requested or that the evidence existed and the government was in possession of it. Moreover, Williams never claimed a specific ALJ presiding over his case was biased and undermined the fundamental fairness of his agency hearing. The fairness of the agency proceedings were not implicated by Williams' document demands. As noted, he received favorable decisions at the administrative law judge level. Therefore, *Hummel* is inapposite.

**9.** The 1992 GAO study on racial differences in disability decisions found that "[w]ithin the general population ... blacks were receiving benefits at a higher rate than whites." The report recommended that "the Commissioner ... investigate the reasons for the racial differences in allowance rates in the initial DDS decisions for young SSI applicants, as well as for all decisions at the ALJ level" and neither of these categories apply to Williams. Williams filed for Title II benefits, not supplemental social security income benefits. Moreover, Williams was not a "young applicant" (under age 50) even at the time of his first application for benefits in 1987. Finally, Williams received three favorable decisions at the administrative law judge level. Therefore, Williams failed to show how the evidence he requested is material.