Lloyd **CALDWELL**, Appellant,

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Appellant.**

Nos. 03–1856, 03–1934.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 21, 2003.

Decided Dec. 15, 2003.

Joel M. Solow, Freeman & Bass, Newark, NJ, for Appellee.

Peter G. O'Malley, Newark, NJ, William Kanter, Robert M. Loeb, Washington, DC, for Appellant.

Before: RENDELL, BARRY, and

812

MAGILL,\* Circuit Judges.

## OPINION

BARRY, Circuit Judge

On October 28, 1997, Administrative Law Judge ("ALJ") Richard L. De Steno rejected Lloyd Caldwell's Social Security disability benefits claim. The Appeals Council denied review and Caldwell filed suit in the United States District Court for the District of New Jersey. For reasons not relevant here, the parties then stipulated to, and the District Court granted, a remand to the Social Security Administration ("SSA"). On March 6, 2000, prior to the hearing on remand, Caldwell's attorney, Joel M. Solow, moved to disqualify ALJ De Steno because (1) ALJ De Steno is blind, and (2) ALJ De Steno had filed a grievance against Solow based on Solow's alleged misconduct at prior hearings before him. ALJ De Steno denied the motion.

On March 31, 2000, after a hearing before ALJ De Steno, Caldwell was again denied disability benefits. Caldwell again sought relief in the District Court and, on November 11, 2002, submitted two items to the Court for its consideration: (1) a letter dated January 24, 2001 by ALJ De Steno to the Supreme Court of New Jersey, asking that Solow be suspended for at least three months based on his conduct at the administrative hearings; and (2) an order of the Supreme Court of New Jersey, entered April 3, 2001, reprimanding, but not suspending, Solow for his conduct before ALJ De Steno. The District Court, on November 21, 2002, found that ALJ De Steno should have recused himself and remanded the matter for reassignment to a different ALJ for "a fresh consideration

of Mr. Caldwell's disability claim." The Commissioner unsuccessfully moved for reconsideration, and then filed a timely notice of appeal. Caldwell filed a timely cross-appeal. We have jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We will vacate the order of the District Court and remand for further proceedings.

Because we write only for the parties and the District Court in this not precedential opinion, we will recite only those facts necessary to reach our decision. In this appeal, the Commissioner argues that the District Court erred in ordering reassignment of the case to a different ALJ because it relied on materials that were never presented to the Commissioner. The Commissioner claims that, at most, the District Court was authorized to remand the matter to the Commissioner to consider the new evidence and determine whether ALJ De Steno should have been replaced and that, in any event, no remand is necessary because it was not appropriate to replace ALJ De Steno simply because he sought to have Solow disciplined. Caldwell, on the other hand, contends that ALJ De Steno should have been replaced because, *inter alia,* (1) the ALJ discounted the evidence submitted by Caldwell's counsel, Freeman and Bass, P.A., solely because the evidence was submitted by that firm; (2) the ALJ was "actively involved in a collateral action against" Solow; and (3) the ALJ is blind.

42 U.S.C. § 405(b)(1) provides that "[t]he Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter." Section 405(g) further states, in relevant part, that:

\* The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the

Eighth Circuit, sitting by designation.

The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.... The [district] court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

We have interpreted the statute to mean that although a district court may exercise a restricted review of the Commissioner's findings, it has no fact-finding role in Social Security cases. *Grant v. Shalala,* 989 F.2d 1332, 1338–39 (3d Cir.1993); *Hummel v. Heckler,* 736 F.2d 91, 93 (3d Cir.1984). In the event new evidence is introduced after the close of the administrative proceeding, a district court may remand to the Commissioner for additional findings, but only if the new evidence is material and there is good cause for not including that evidence as part of the administrative record. *Hummel,* 736 F.2d at 93. With regard to a bias claim against an ALJ, a district court may not make findings on its own if new evidence is introduced, but may remand the case so that the Commissioner may make additional findings. *Grant,* 989 F.2d at 1338.

Applying this principle here, we find that the District Court erred in making a factual determination with respect to the bias claim. The evidence that the District Court cited, quoted, and relied upon—the January 24, 2001 Letter of ALJ De Steno to Chief Justice Deborah T. Poritz of the Supreme Court of New Jersey and the April 3, 2001 order of the Supreme Court—were never presented to the Com-

missioner and were not part of the administrative record. Caldwell, for his part, concedes that he presented new evidence to the District Court. The Court, rather than ordering reassignment to and a new hearing before a different ALJ, should have determined whether that evidence warranted a remand to the Commissioner for the Commissioner's consideration. In deciding whether to remand, the District Court should have determined whether the letter and the order constituted new and material evidence, and whether there was good cause for Caldwell's failure to proffer the evidence to the Commissioner in the first instance. 42 U.S.C. § 405(g). We will vacate the District Court's order and remand so that the Court can now make that determination. If the Court remands, the Commissioner should consider the evidence, make a finding on the bias claim, and decide whether Caldwell is entitled to a new hearing before a different ALJ.[1]

The Commissioner argues that no remand is necessary because the fact that ALJ De Steno sought to have Solow suspended for his alleged misconduct simply does not warrant his removal. This, however, is for the Commissioner to decide in the first instance, and we do not intimate any opinion as to how this claim should be decided or whether the appearance of impropriety standard used by the District Court was the appropriate standard.

Finally, Caldwell, in his cross-appeal, argues that the Commissioner erred in denying him disability benefits. The District Court, however, neither made findings nor drew conclusions as to the merits of his disability claim. As such, this issue is not ripe for our consideration. *See White v.*

---

1. Caldwell also argues that ALJ De Steno should have been replaced because he is blind and because he discounted the reports of Caldwell's medical experts, Drs. Friedman and Dyer. The Appeals Council rejected these

arguments and found no basis to assume jurisdiction. JA 383. Given the District Court's disposition of the matter, it did not reach these issues. Given our disposition, neither do we.

*Sullivan,* 901 F.2d 94, 96 (8th Cir.1990) (remanding the case because the District Court did not address the merits of appellant's claim for disability benefits during a specific time period).

For the foregoing reasons, we will vacate the November 21, 2002 order of the District Court and remand the matter for further proceedings in accordance with this opinion.