**Joan M. WANKO, Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration.**

No. 03–2514.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 13, 2004.

Decided March 8, 2004.

Thomas D. Sutton, Leventhal & Sutton, Langhorne, PA, for Appellant.

Margaret J. Krecke, Philadelphia, PA, for Appellee.

Before: SCIRICA, Chief Judge, ROTH, and MCKEE, Circuit Judges.

## OPINION

MCKEE, Circuit Judge.

Appellant, Joan M. Wanko ("Wanko") sought judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of Social Security Administration ("Commissioner"), who found that Wanko was not entitled to disability insurance benefits under title II of the Social Security Act. 42 U.S.C. §§ 401–433. The district court granted the Commissioner's motion for summary judgment and concluded that the factual findings of the Administrative Law Judge ("ALJ") were supported by substantial evidence. For the reasons that follow, we will affirm the ruling of the district court.

### I.

Because we write only for the parties, it is not necessary to recite the facts of this case in detail. It is sufficient to note that Wanko, who was 52 years old on the date of her last insured, is a high school graduate and worked for Trans World Airlines as a baggage handler, receptionist and ticket agent for approximately 11 years. In 1992, Wanko injured her lower back while lifting a piece of luggage at work. Due to the back injury, Wanko stopped working and was awarded worker's compensation.

After consulting with her doctors, on May 4, 1995 [1] Wanko elected to undergo surgery on her lumbar spine. After surgery, Wanko continued to complain of pain in her back and legs and began treatments and consultations with various types of doctors. The medical records reveal that although Wanko complained of severe pain and continued treatment, there was no clear diagnosis as to the cause of such pain.

Wanko filed an application for disability insurance benefits, which was denied initially and upon reconsideration.[2] Wanko requested a hearing in front of an ALJ, who heard testimony from Wanko, a Vocational Expert and Medical Advisor. The ALJ found that Wanko was not totally disabled and denied her claim. The Appeals Council rejected Wanko's appeal and accepted the ALJ's decision as the final decision of the Commissioner. Wanko then appealed to the United States District Court for the Eastern District of Pennsylvania. Both parties filed for summary judgment, which was granted in favor of the Commissioner in accordance with a report issued by the Magistrate Judge. This appeal followed.

---

1. Wanko amended her onset date from July 6, 1992, the date of her injury, to the date the surgery was performed.

2. The claim was remanded for a mental status evaluation.

## II.

We review the district court's grant of summary judgment de novo, using the same standard the district court used to examine the ALJ's determination. Under 42 U.S.C. § 405(g), our review is limited to determining whether the Commission's factual findings and final decision are supported by "substantial evidence". *Welch v. Heckler* 808 F.2d 264 (3d Cir.1986). In order to constitute "substantial evidence", there must be more than a scintilla, but rather, such relevant evidence as a reasonable mind might accept as adequate. *Ventura v. Shalala* 55 F.3d 900, 901 (3d Cir. 1995), (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 222, 59 S.Ct. 206, 83 L.Ed. 126 (1938).)

Title II of the Social Security Act provides disability benefits for individuals who are "under a disability" and meet other eligibility requirements. 42 U.S.C. § 423(a). Disability is defined by the act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment". 42 U.S.C. § 423(d) A claimant is considered to be unable to engage in any substantial gainful activity "only if his physical or mental ... impairments are of such a severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A) The burden of proving disability rests upon the claimant. *Burnett v. Commissioner of Social Security Administration* 220 F.3d 112, 120 n. 2 (3d Cir.2000)

The Commissioner's regulations provide a five (5) step sequential evaluation process for determining whether or not a claimant is under a disability 20 C.F.R. § 404.1520. In this case, the ALJ used the sequential evaluation and found at Step Three that Wanko's muskoskeletal impairments were severe, but her mental impairment was non-severe. He then found at Step Four that Wanko was able to return to her prior sedentary job and therefore was not disabled. The ALJ primarily based this opinion on the credibility determinations he made of Wanko's treating physicians and the medical advisor who testified at the hearing.

Dr. Dearolf, Wanko's treating physician, expressed his opinion that Wanko was limited to working four hours per day. The ALJ found that Dr. Dearolf's opinion was not well supported by the overall medical evidence and limited the weight assigned to his opinions to the extent they were consistent with the medical evidence. In contrast, Dr. Askin, the Medical Advisor, testified that there was no objectively established medical condition that would cause the pain Wanko claimed to experience. Although Dr. Askin was a non-treating physician, the ALJ credited his opinion because it was well supported by objective evidence in the record. The ALJ also refused to fully credit Wanko's testimony and found that her subjective complaints were inconsistent with the objective medical evidence on record.

■ Wanko argues that the ALJ improperly disregarded the opinion of Dr. Dearolf in contravention to established precedent that the treating physician's opinion is to be given great weight. While the opinion of the treating physician cannot be rejected where there is no contrary medical evidence, *Frankenfield v. Bowen,* 861 F.2d 405, 408 (3d Cir.1988), in light of conflicting and internally contradictory evidence, the ALJ may determine that the opinions of the treating physician are not controlling. *Jones v. Sullivan,* 954 F.2d 125, 129 (3d Cir.1991) In this case, the ALJ found Dr. Dearolf's opinions inconsis-

tent with the bulk of the objective medical evidence and supported this ruling by citing the inconsistencies he found in the record. Dr. Dearolf's opinion that Wanko was limited to four hours of work per day was not supported by the opinions of any other examining physician, nor was it confirmed by any objective medical test. We therefore find that the ALJ's decision to limit the weight given to Dr. Dearolf's opinion is supported by substantial evidence.

Wanko also argues that the ALJ improperly assigned the greatest weight to Dr. Askin's testimony, which should have been disregarded due to manifest bias and improper content. This argument is based on Dr. Askin's testimony regarding his opinion of Wanko's surgery and the physicians who recommended and carried it out. During this portion of his testimony, Dr. Askin became agitated and testified that there was no reason for Wanko to have surgery and the fact that surgery was recommended by the doctors was "... almost quackery. It's almost quackery, very frankly.... This whole chart is quackery." He then continued by saying to Wanko "... keep going for stupid treatments and you get stupid results." Wanko argues that Dr. Askin's testimony improperly influenced the ALJ and undermined his impartial analysis of the evidence.

Although informal, those claiming disability benefits have a right to a hearing. Due process requires that any hearing afforded a claimant must be full and fair. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The impartiality of the decisionmaker is essential to ensure a fair hearing. *Hummel v. Heckler,* 736 F.2d 91, 94 (3d Cir.1984). We apply this requirement more strictly in social security and other administrative proceedings because of the active role of the ALJ in developing the administrative record, as well as the absence of the types of procedural safeguards normally available in judicial proceedings. *Id.*

In *Ventura v. Shalala,* 55 F.3d 900 (3d Cir.1995) we held that an ALJ's offensive and unprofessional conduct prevented the social security claimant from receiving the full and fair hearing to which he was entitled. In contrast to *Ventura,* at Wanko's hearing the unprofessional comments were made by the medical advisor, not the ALJ. Although the ALJ relied on Dr. Askin's testimony, there is no evidence to show that the ALJ was biased by the unprofessional comments made by Dr. Askin at the end of his testimony. Moreover, the testimony he provided prior to his improper testimony was consistent with the medical evidence in the record and his outburst, therefore, does not compel the dismissal of his testimony. The ALJ's finding that Wanko retained the functional capacity to return to her past work, as well as his reliance on Dr. Askin's testimony, is supported by substantial evidence in the record.

Finally, Wanko claims the ALJ discounted her credibility based on an improper analysis. We afford the credibility determinations of the ALJ great weight because he had the opportunity to observe the demeanor and hear the testimony given by Wanko. *Shively v. Heckler,* 739 F.2d 987, 991 (4th Cir.1984) The ALJ gave legally sufficient reasons in support of his finding that Wanko's testimony was not entirely credible. The ALJ's decision to discount Wanko's testimony, therefore, is supported by substantial evidence in the record and will be upheld.

### III.

For the above reasons, we will affirm the ruling of the district court.