**Harold S. SMALL, Plaintiff,**

v.

**Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.**

**No. CIV.A. 02–G–0583–M.**

United States District Court,
N.D. Alabama,
Middle Division.

Aug. 18, 2004.

---

42. *Id.*

43. *Id.*

Myron K Allenstein, Allenstein & Associates, Gadsden, AL, for Harold Small, plaintiff.

Alice H Martin, U.S. Attorney, Winfield J Sinclair, U.S. Attorney's Office, Birmingham, Mary Ann Sloan, Social Security Administration–Office of General Counsel, Atlanta, GA, for Jo Anne B Barnhart, Commissioner of Social Security Administration, defendant.

### MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Harold S. Small, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security

Administration (the Commissioner) denying his application for Disability Insurance Benefits (DIB). Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth*, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months ...." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). For the purposes of establishing entitlement to disability benefits, "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically

acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520(a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir.1993); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir.1995).

In the instant case, the ALJ, Jerome Munford, determined the plaintiff met the first two tests, but concluded did not suffer from a listed impairment. The ALJ found the plaintiff was able to perform his past relevant work, and accordingly found him not disabled.

## DISCUSSION

In this action the plaintiff has moved for order allowing limited discovery in order to determine if ALJ Jerome L. Munford is biased against all claimants seeking disability benefits. In support of the motion the plaintiff has submitted statistics ob-

tained through the freedom of information act that it is argued show ALJ Munford is biased against Social Security claimants generally.

The importance of an impartial administrative adjudicator has been recognized in this circuit:

> The Social Security Act "contemplates that disability hearings will be individualized determinations based on evidence adduced at a hearing." *Heckler v. Campbell*, 461 U.S. 458, 467, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66, 74 (1983). A claimant is entitled to a hearing that is both full and fair.

*Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir.1996). The court in *Miles* recognized the critical role played by the ALJ in the disability review process:

> The ALJ plays a crucial role in the disability review process. Not only is he *duty-bound to develop a full and fair record*, he must carefully weigh the evidence, giving *individualized consideration* to each claim that comes before him. Because of the deferential standard of review applied to his decision-making, the ALJ's resolution will usually be the final word on a claimant's entitlement to benefits. *The impartiality of the ALJ is thus integral to the integrity of the system.*

*Id.* at 1401 (emphasis added). If an ALJ has a bias against all Social Security claimants, or a particular group of claimants, the individualized consideration of their claims will be lacking.

 This court has previously been asked to allow discovery into the alleged bias of ALJ Jerome Munford. In *Pritchett v. Barnhart*, 288 F.Supp.2d 1224 (N.D.Ala.2003), the plaintiff's motion for discovery was rendered moot because the case was due to be reversed based upon the record before the court. The court, however, noted the presence of evidence in the record that seemed to show a bias against awarding benefits to the plaintiff in that case. In the present case, the record does not compel an award of benefits. However, even substantial evidence in the record to support the ALJ's denial of benefits does not preclude consideration of an ALJ's bias.

> While it may be that substantial evidence in the record as a whole supports the conclusion that Hummel is not disabled, *she was entitled to have that evidence evaluated by an unbiased adjudicator.* We could apply a harmless error analysis with respect to a claim that the adjudicator may have been biased only if the record contained no evidence whatsoever which might support a finding of disability. Indeed, *even if the record was totally devoid of such evidence, the bias of the adjudicator might still be a ground for setting aside a determination adverse to the claimant,* for we have repeatedly held that in Social Security disability claim hearings the administrative law judge has an affirmative obligation to assist the claimant in developing the facts. *It is difficult to conceive of how a judge biased against disability claims or claimants could conscientiously perform that duty.*

*Hummel v. Heckler*, 736 F.2d 91, 95 (3rd Cir.1984) (citations omitted)(emphasis added).

 The court in *Hummel* recognized that in appropriate cases, a plaintiff may seek to establish the generalized bias of an ALJ by using the discovery procedures provided for by the Federal Rules of Civil Procedure. 736 F.2d 91, 93 (3rd Cir.1984)(noting that in some cases "facts with respect to the fairness of [the administrative] proceeding can be developed only in the district court"). In *Hummel*, the court held that "where information relat-

ing to a contention bearing on the fundamental fairness of the agency hearing is in the possession of the government, discovery is available to the section 405(g) plaintiff so that she can attempt to convince the district court that a remand to the Secretary for the taking of new evidence is appropriate." *Id.* at 95. In *Hummel* the information in the hands of the government related to whether the ALJ who decided the plaintiff's case had been subject to a "Bellmon Review." [1] In the present case the plaintiff seeks to discover statistics on the decisions of ALJ Munford and those of ALJs nationwide in order to show that ALJ Munford is biased in general against Social Security claimants.

*Hummel* is not the only Third Circuit case involving discovery in the district courts. In *Grant v. Shalala,* 989 F.2d 1332 (3rd Cir.1993), that court again examined allegations of ALJ bias. The court noted that the discovery allowed by *Hummel* would be "limited to the development of those facts and issues that are appropriate, on remand, to the Secretary's consideration of the existence of bias in connection with those benefit claims that are the subject of the section 205(g) action or actions before the district court." *Id.* at 1344. The court held the district court "lacks the authority to conduct a trial and make independent findings of fact concerning the alleged bias of [an ALJ]." *Id.* at 1346. The court, however, noted the district court could review the findings of the Commissioner on the issue of an ALJ's bias. *Id.* Therefore, *Grant* did not overrule *Hummel* and in appropriate cases the Third Circuit continues to recognize a Social Security plaintiff's right to have discovery in the district court.[2]

In the present case, the Appeals Council granted the plaintiff's request for review, apparently because medical records that refer to someone other than the plaintiff were contained in the record. [R 13] However, the Appeals council ultimately determined the ALJ did not rely on those records in reaching his decision. The plaintiff argued to the Appeals Council that ALJ Munford is biased against Social Security claimants because he denies a disproportionate number of disability claims. The Appeals Council addressed that allegation as follows: "The Council considers each claim on a case-by-case basis and finds no basis for your representative's contention." [R 13] The plaintiff was given an opportunity to offer new evidence or legal argument. In response to this invitation, the plaintiff's attorney submitted copies of other decisions made by ALJ Munford in an effort to show bias. The Appeals Council disposed of the claim of bias in it's final decision as follows: "The Council still finds no basis for this contention, but has referred the materials to the Special Counsel's offices." [R 8]

 The Appeals Council provided no evidence or rationale to support its conclusion that ALJ Munford is not biased. It simply stated its conclusion. There is no evidence in the record concerning what if any action the Special Counsel's office took

---

1. For a discussion of the "Bellmon Review" program, see *Hummel* at 94.

2. Following the decision by the court of appeals, the district court remanded the action to the Commissioner for further investigation of the plaintiffs' allegations of bias. *Grant v. Commissioner,* 111 F.Supp.2d 556, 558 (M.D.Pa.2000). Following that remand, the court determined substantial evidence did not

support the Commissioner's determination that the ALJ in question was not biased and ordered that new administrative hearings be conducted in the cases of each of the class members. *Id.* at 570. The opinion of the district court is instructive as to the procedures to be followed in cases involving allegations of generalized bias.

with respect to the Appeals Council's referral. In addition, the Appeals Council appears to have concluded that generalized bias of an ALJ against all Social Security claimants, or a subclass thereof, was not grounds for reversal of the ALJ's decision, focusing rather on a case-by-case analysis of ALJ bias. This position is untenable in light of *Hummel* and *Grant*. In this circuit, *Miles* emphasizes that a claimant is entitled to an individualized, full and fair hearing. If an ALJ is generally biased against claimants, such a hearing is impossible. Therefore, it is clear to the court that the Appeals Council applied improper legal standards, and it's decision that ALJ Munford is not biased is not supported by substantial evidence. The evidence properly submitted to this court by the plaintiff lends support to the plaintiff's claim of generalized bias and makes additional discovery unnecessary at this time.

■ Because this court may not make factual findings as to the bias of ALJ Munford, the action must be remanded for further proceedings and completion of the record. On remand it is crucial that the Commissioner understand that even though the record in a particular case may not contain overt evidence of bias, that does not mean that there is no generalized bias. As recognized by the Third Circuit in *Hummel*, an ALJ generally biased against Social Security claimants might not develop evidence favorable to a claimant. Therefore, a review of the record in such cases might appear to show that the ALJ reached the correct decision because evidence favorable to the claimant was not developed or included in the record. In many cases the failure to develop the record will be apparent, and reversal warranted. However, in other cases, there will be nothing to indicate that the ALJ failed to fulfill his obligation to properly develop the record. In such cases meaningful judicial

review would not be available to an aggrieved claimant. Social Security proceedings differ from judicial proceedings in important respects:

> The differences between courts and agencies are nowhere more pronounced than in Social Security proceedings. Although "[m]any agency systems of adjudication are based to a significant extent on the judicial model of decisionmaking," 2 K. Davis & R. Pierce, *Administrative Law Treatise* § 9.10, p. 103 (3rd ed.1994), the SSA is "[p]erhaps the best example of an agency" that is not, B. Schwartz, *Administrative Law* 469–470 (4th ed.1994). *See id.,* at 470 ("The most important of [the SSA's modifications of the judicial model] is the replacement of normal adversary procedure by ... the 'investigatory model'" (quoting Friendly, *Some Kind of Hearing*, 123 U. Pa. L.Rev. 1267, 1290 (1975))). Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits ....

*Sims v. Apfel,* 530 U.S. 103, 110–11, 120 S.Ct. 2080, 2085, 147 L.Ed.2d 80 (2000). A hearing before an ALJ is not an adversary proceeding and the ALJ has an obligation to develop a full and fair record. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981).

■ The ALJ fills an inquisitorial role. Many of the protections afforded by an adversarial system are, therefore, lacking in the Social Security context. Should an ALJ fail to properly develop the record due to a bias against granting benefits to claimants, there is no guarantee that this failure will be apparent on the written record going to the district court for review. This is a serious problem because it prevents a meaningful judicial appeal of the administrative decision. A district

court cannot review evidence that is not in the record because of an ALJ's bias against claimants. Such biased decisions, therefore, would escape meaningful judicial review. The substantial evidence standard depends upon fair and unbiased ALJ's making fair and unbiased findings of fact. This was alluded to by the court in *Miles:* "Because of the deferential standard of review applied to his decision-making, the ALJ's resolution will usually be the final word on a claimant's entitlement to benefits. The impartiality of the ALJ is thus integral to the integrity of the system." 84 F.3d at 1401. The entire statutory scheme of judicial review in Social Security cases is threatened if court's are called upon to decide appeals rendered by biased administrative adjudicators.

For the above reasons the action will be remanded pursuant to sentence six of 42 U.S.C. § 405(g) so that the Commissioner may consider the evidence proffered by the plaintiff and complete the record as to the plaintiff's allegations of ALJ bias. On remand the Commissioner shall properly develop the record on the issue of whether ALJ Munford is generally biased against all Social Security claimants or against a particular class of claimants. After proper development of the record, the Commissioner shall make findings of fact as to the alleged bias of ALJ Munford, which this court will then review to determine whether they are supported by substantial evidence. The court is hopeful that the plaintiff's allegation of bias will receive a fair and full hearing, for that is the minimum that should be expected from the agency charged with administering Social Security claims.

### SENTENCE SIX REMAND ORDER

It is hereby ORDERED, ADJUDGED and DECREED that this case be and it hereby is REMANDED for further pro-

ceedings consistent with the memorandum opinion entered contemporaneously herewith. This remand is exclusively pursuant to sentence six of 42 U.S.C. § 405(g). Accordingly, the court retains jurisdiction pending the post remand filings of the Commissioner.