**Mindy J. ZIED, Appellant**

v.

**Michael J. ASTRUE, Commissioner of Social Security; The Social Security Administration.**

**No. 08–4715.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 5, 2009.

Opinion filed Oct. 9, 2009.

Mindy Jaye Zied–Campbell, Philadelphia, PA, pro se.

Craig Ormson, Esq., Social Security Administration, Philadelphia, PA, G. Michael Thiel, Esq., Office of United States Attorney, Scranton, PA, for Appellee.

Before: SCIRICA, Chief Judge,
CHAGARES and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Mindy Zied seeks review of the District Court's order remanding her case to the Administrative Law Judge for further development of the record. For the following reasons, we will affirm.

In 1995, Mindy Zied filed for an application for Social Security disability insurance benefits ("SSDI") and supplemental security income ("SSI"), which was denied by the state agency ("the agency"). Zied did not request a hearing appealing the denial of her application. In 1999, Zied attempted to reopen the application, but the agency deemed the attempt to be a second, separate application. On the merits of the second application, the agency determined that Zied was disabled and thus, entitled to SSI benefits as of March 1999. The agency denied her claim for SSDI, however, finding that her SSDI claim concerned the same issues as her earlier, unsuccessful claim for benefits in 1995 and that the facts relevant to her SSDI determination were unchanged.

In September 2001, Zied moved into a home owned by Zied's mother-in-law, for which Zied and her husband paid rent of one dollar ($1.00). As a result of the reduced rent, which was deemed a "rental subsidy" and counted as income, Zied's SSI was reduced between October 2001 and September 2002. In February 2004, the agency denied Zied's request for reconsideration of the SSI reduction because she did not file a timely appeal of the decision.

In June 2001, Zied's husband, who received a needs-based pension from the Veteran's Administration ("VA"), also began receiving SSDI and SSI benefits, making Zied eligible for spouse's benefits based on her husband's earnings records. Zied was informed that beginning September 2002, she was not eligible for SSI benefits because of the excess income from her husband's pension. However, Zied was told that if her husband voluntarily terminated his SSI, the agency would recalculate her SSI retroactively to September 2002. Zied's husband voluntarily terminated his eligibility for SSI as of October 1, 2002, and Zied was informed she would receive a payment of retroactive benefits. However, Zied challenged the manner in which the retroactive benefits were calculated.[1]

In February 2004, Zied requested that the agency reopen her 1995 application for SSDI benefits on the grounds that after the application was denied, Zied lost the mental capacity to ask for reconsideration. The ALJ assigned to Zied's case, while noting that such a request would normally be denied as untimely, nonetheless consid-

---

1. In September 2004, an ALJ determined that the SSI calculations were correct.

ered Zied's argument for an exception in light of applicable regulations. The ALJ concluded that despite Zied's "long-term psychiatric history," the record did not show a treatment history from July 1974 through November 1995. The ALJ further noted that because the record demonstrated that Zied was married and raising children without complaining of difficulty in doing so and because she had filed an appeal after the initial denial of her 1995 application and was therefore well aware of the appeal process, he was unable to conclude that she was incapable of filing a timely request for reconsideration.

In November 2006, Zied filed an amended complaint in the District Court alleging that: (1) the agency improperly calculated her SSI between September 2001 and September 2002 as related to the rental subsidy; (2) the agency improperly counted her receipt of spouse benefits between November 2002 and February 2004; and (3) the agency improperly denied her request to reopen her 1995 application. In a report and recommendation issued on October 25, 2007, a Magistrate Judge recommended that the case be remanded to the ALJ because the ALJ had not addressed the issue of the rental subsidy calculation in his opinion, nor had he fully considered the record evidence regarding Zied's mental capacity and ability to request reconsideration in her case.[2]

Zied objected to the Magistrate Judge's report and recommendation, arguing only that the District Court should reverse the ALJ's decision and award her benefits because the evidence showed that she was entitled to SSDI benefits based on her 1995 application.

The District Court rejected Zied's argument and remanded the case for further proceedings, aptly pointing out that the ALJ had not considered key evidence concerning whether Zied was mentally capable of requesting reconsideration at the time of the agency's initial decision to deny her SSDI benefits in 1995. Zied appeals from the District Court's decision to remand her case for further proceedings.

## I.

We have appellate jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.[3] We will review the District Court's remand order for abuse of discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1176, 1178 (9th Cir.2000); *Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir.2000). In reviewing the District Court's findings under the abuse of discretion standard, we must affirm the District Court's holding unless its decision is based upon a factual error, an improper conclusion of law, or an inappropriate application of the controlling law to the facts. *See Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir.1993). We have also held that an abuse of discretion can occur when "no reasonable person would adopt the district court's view." *Id.*

## II.

Upon review of the record, we find that the District Court did not abuse its discretion when it remanded Zied's case for further proceedings. Despite Zied's argument, the ALJ had not fully considered whether Zied was mentally capable of

---

2. With regard to the issue of the reduction of Zied's SSI payments due to her receipt of spouse's benefits between November 2002 and February 2004, the Magistrate Judge determined that substantial evidence supported the ALJ's conclusion that the calculations were correctly reduced.

3. A district court order remanding such a case to the ALJ constitutes a final, appealable order under 28 U.S.C. § 1291. *See Forney v. Apfel*, 524 U.S. 266, 267–69, 118 S.Ct. 1984, 141 L.Ed.2d 269 (1998).

seeking reconsideration at the time the agency rendered its decision in 1995.

Because Zied requested to reopen her application for SSDI benefits in 2004, more than four years after the initial decision denying benefits, her application was untimely and could only be reopened if "[i]t was obtained by fraud or similar fault." *See* 20 C.F.R. § 404.988(c)(1). To determine whether fraud or similar fault exists, the adjudicator must consider "any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language)" which the claimant may have had at the time. *See* 20 C.F.R. § 416.1488(c).

In her 2004 application requesting reopening and reconsideration of her case, Zied claimed that when she was denied benefits initially, she lost the mental capacity to request reconsideration. After reviewing the record, the District Court determined that the ALJ did not fully consider the record evidence before determining that Zied was indeed mentally capable of timely requesting reconsideration. Specifically, the District Court found that the ALJ failed to consider medical evidence regarding Zied's multiple hospitalizations in 1973 and 1974, as well as the various mental health diagnoses of her treating physicians.

Because the ALJ appeared to have performed only a cursory review of Zied's medical history, the District Court remanded the case further consideration of the administrative record. Zied nevertheless argues that remand would serve no purpose other than to delay her benefit award because the record is clear that she has been mentally impaired since 1972.

While a district court reviewing a decision of an ALJ adjudicating an SSDI claim may affirm, modify, or reverse the decision "with or without remanding the cause for a rehearing," *see* 42 U.S.C. § 405(g), a district court should elect to order the award of benefits without a remand "only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *See Gilliland v. Heckler,* 786 F.2d 178, 184 (3d Cir.1986).

In this case, remand was the appropriate course of action because the ALJ did not consider all of the evidence pertaining to Zied's mental health. When an ALJ does not address all of the evidence of record, the appropriate action is to remand for further proceedings, as a District Court has no fact-finding role in reviewing social security disability cases. *See Hummel v. Heckler,* 736 F.2d 91, 93 (3d Cir. 1984). Thus, we find that the District Court's decision to remand Zied's case for further review and consideration of the administrative record was appropriate.[4]

---

4. Similarly, remand was the appropriate course of action as to the issue of the calculation of Zied's SSI benefit due to a rental subsidy. The District Court correctly noted that the ALJ failed to address the issue in his opinion. Where an ALJ does not address an issue, remand for further proceedings is proper, particularly where a technical calculation is necessary. *See Immigration and Naturalization Serv. v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002); *Markle v. Barnhart,* 324 F.3d 182, 189 (3d Cir.2003). With regard to the remaining claim in Zied's amended complaint—that the agency improperly calculated her receipt of spouse benefits—she does not raise the issue in her appellate brief, nor did she object to the Magistrate Judge's recommendation that the claim be denied. Because the District Court adopted the Magistrate Judge's recommendation to deny the claim without further discussion, and also because Zied appears to have abandoned the issue on appeal, we express no opinion as to the appropriateness of the District Court's denial of that claim.

Accordingly, we will affirm the order of the District Court.