**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3413
_____

MINDY JAYE ZIED,

                     Appellant,

v.

JOANNE BARNHART, in her individual
and official capacity; SOCIAL SECURITY
ADMINISTRATION; MR. HAWKSWORTH,
SSA Employee, in his individual capacity;
MRS. SHOPP, SSA Employee, in her individual
capacity; J. A. BREEN, SSA Employee, in her
individual capacity and any other unknown and
unnamed individuals who may be liable on the
claims stated herein, in their individual and/or
official capacities while working as federal
employees for the U.S. or as an employee for
the Social Security Administration at times
when the claims set forth herein took place

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-02305)
District Judge: Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 9, 2011

Before:  AMBRO, HARDIMAN and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed   March 17, 2011 )

———————

OPINION

———————

PER CURIAM

Appellant Mindy Jaye Zied seeks review of the District Court's orders granting the defendants' motion to dismiss and denying her leave to amend. For the following reasons, we will affirm.

In 1995, Zied applied for Social Security disability insurance benefits ("SSDI") and supplemental security income ("SSI") on the basis of a psychiatric disability. The application was denied and Zied did not appeal. In 1999, Zied sought to reopen her application. The Social Security Administration ("SSA") deemed the attempt to be a second, separate application. On the merits of the second application, the agency determined that Zied was disabled and entitled to SSI benefits as of March, 1999. The agency denied her claim for SSDI.

In September, 2001, Zied moved into a home in Camp Hill, Pennsylvania with her 12 year-old daughter. The home was owned by her mother-in-law, and Zied paid a nominal rent. Prior to that, Zied lived in Vista, California with her husband. When she moved, he remained in California, caring for their older daughters. As a result of the nominal rent, which the agency deemed a "rental subsidy" and counted as income, Zied's SSI benefits were reduced, improperly she believes, between October, 2001 and September, 2002. The agency also mistakenly believed that she and Campbell had divorced.

2

Meanwhile, in June, 2001, Zied's husband, who received a needs-based pension from the Veteran's Administration ("VA"), began receiving SSDI and SSI benefits, making Zied eligible for spouse's benefits based upon his earnings records. Zied was informed that, beginning in September, 2002, she was no longer eligible for SSI benefits because of the excess income from her husband's pension. She was told that, if her husband voluntarily terminated his SSI benefits, the agency would recalculate her SSI retroactively to September, 2002. Campbell voluntarily terminated his eligibility for SSI as of October 1, 2002, and Zied eventually was informed that she would receive a payment of retroactive benefits. Zied challenged the manner in which the retroactive benefits were calculated. In September, 2004, an ALJ determined that the SSI calculations were correct. Just prior to that, in February, 2004, Zied requested that the agency reopen her 1995 application for SSDI benefits on the ground that, after the application was denied, she lost the mental capacity to ask for timely reconsideration. The ALJ considered Zied's argument for an exception in light of applicable regulations, but found her evidence lacking. Zied received an adverse decision from SSA's Appeals Council on April 20, 2006. See Complaint, at ¶ 13.

On June 16, 2006, Zied raised several claims together in one civil action in the United States District Court for the Middle District of Pennsylvania, including her SSI disability appeal under 42 U.S.C. § 405(g). She was directed to file separate actions, separating her SSI appeal from her other claims. Zied then filed her complaint in the instant action on November 30, 2006, naming as defendants the former Commissioner,

3

and SSA Pennsylvania employees Keith Hawksworth, Lynn Shopp, and Jena Breen.[1] In Count I, Zied alleged a violation of Section 504 of the Rehabilitation Act of 1973 in that the defendants committed numerous acts of discrimination in reducing her benefits, including demanding proof that she and her husband were not able to live in the same household, demanding proof that her youngest daughter lived with her in Pennsylvania, and claiming that her husband owed the agency money because of an overpayment of child benefits.

Count III alleged a violation of the Privacy Act of 1974 in that Zied was unable to gain access to certain records pertaining to her, which she says led the agency to erroneously conclude that she and her husband had divorced and she thus no longer had an eligible child in her care. Count IV alleged a claim under the Freedom of Information Act ("FOIA"). Counts II and V alleged violations of Zied's federal constitutional civil rights in that her benefits were suspended and/or reduced. Count VI alleged retaliation in the reduction and/or suspension of her benefits in violation of the First Amendment and FOIA. Zied requested money damages and injunctive relief.

---

[1] In November, 2006, Zied also filed a complaint at D.C. Civ. No. 06-cv-01219. In this action, her disability appeal, she alleged that: (1) the agency improperly calculated her SSI between September, 2001 and September, 2002 as related to the rental subsidy; (2) the agency improperly counted her receipt of spouse benefits between November, 2002 and February, 2004; and (3) the agency improperly denied her request to reopen her 1995 application. The Magistrate Judge recommended that the case be remanded because the ALJ had not addressed the issue of the rental subsidy calculation in his opinion, nor had he fully considered the record evidence regarding Zied's mental capacity. The District Court agreed and remanded the case to the agency for further proceedings. We affirmed in Zied v. Astrue, 347 Fed. Appx. 862 (3d Cir. 2009) (on claimant's untimely motion to reopen application for disability insurance benefits, ALJ was required to consider whether claimant had mental capacity to request reconsideration of initial denial of benefits).

4

The defendants moved to dismiss the instant complaint on the basis that all counts were time-barred. The Magistrate Judge filed a Report and Recommendation, and Zied filed Objections. Concluding that most of Zied's claims were barred by two-year statutes of limitation, the District Court granted the motion to dismiss and dismissed all but the FOIA claims arising from Zied's August, 2002 requests for information, see 28 U.S.C. § 2401(a) (providing for six-year statute of limitation for actions against United States). Zied then moved for reconsideration of this order and to certify the judgment for appeal, Fed. R. Civ. Pro. 54(b). In the alternative, she sought voluntary dismissal of her timely FOIA claims. In the meantime, the defendants attempted to comply with Zied's FOIA requests by, among other things, allowing her to read her social security file and meeting with her to discuss her concerns. After doing so, they moved to dismiss the FOIA count as moot. Zied moved to amend her complaint, and the District Court denied the motion.

In an order entered on July 15, 2010, the District Court denied Zied's motion for reconsideration and denied certification to appeal, but the court granted Zied's motion for voluntary dismissal of her FOIA claims.[2] The defendants' motion to dismiss the FOIA claims as moot was itself deemed moot. Zied appeals.

We will affirm. We have jurisdiction under 28 U.S.C. § 1291. "[W]hen ruling on a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a judge must accept as true all of the factual allegations contained in the complaint."

---

[2] Zied appears to attempt to resurrect her FOIA claims on appeal by asserting that they are timely. However, she cannot escape the consequences of her voluntary dismissal by simply drafting her brief as though it had not taken place.

5

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). We exercise plenary review over the District Court's grant of a motion to dismiss. See City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 262 n.12 (3d Cir. 1998).

As a threshold matter, to the extent Counts II and VI of Zied's complaint alleged constitutional claims against federal officials, they must proceed in a Bivens action. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Zied appears to contend in her brief on appeal that she was unfairly prejudiced by this characterization of two of her Counts, but she is mistaken. Her claims allege violations of her federal civil rights under the Fifth and First Amendments. A civil rights action is in essence a personal injury action, Wilson v. Garcia, 471 U.S. 261, 276 (1985), and a personal injury limitation period thus applies, see id. However, we agree that Zied's civil action must be considered to have been filed on June 16, 2006, the date when she filed her original "combined" action in federal court.

We conclude that the District Court and Magistrate Judge fully considered each and every argument raised by Zied, properly determined the date when Zied's Rehabilitation Act, Bivens, and Privacy Act causes of action accrued, and properly applied the governing law in concluding that the claims were barred by various two-year statutes of limitation. Just as the Magistrate Judge and District Court concluded, the relevant events in this case occurred between 2001 and April 2004. Thus, her suit filed in June, 2006 was too late. We will briefly consider Zied's individual claims.

In sum, Zied's Rehabilitation Act claim is governed by the two-year statute of limitation applicable to personal injury actions in Pennsylvania, see 42 Pa. Cons. Stat. Ann. § 5524(2); Disabled in Action of Pa. v. Southeastern Pa. Transp. Auth., 539 F.3d 199, 208 (3d Cir. 2008), and it is barred because it accrued no later than November 12, 2002 when her husband wrote to SSA on the family's behalf disputing an alleged overpayment. The letter establishes that Zied knew as of that date the full extent of her Rehabilitation Act injury, see Fowler v. UPMC Shadyside, 578 F.3d 203, 209 (3d Cir. 2009) (limitation period begins to run when the injured party knows, or as a reasonable person should know, that defendant has committed the alleged harmful act). The statute of limitation expired, at the latest, two years from this date on November 12, 2004, and thus well before Zied's action was filed in June, 2006.

Zied's Bivens claims also are governed by a two-year statute of limitation, see Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers, 855 F.2d 1080, 1087 (3d Cir. 1988). Her Fifth Amendment procedural and substantive due process claims relating to the reduction in and suspension of her benefits[3] accrued no later than February 12, 2004 when Defendant Breen allegedly violated SSA regulations by denying reconsideration of her own initial determination. She had two years from this date to file a timely civil action.

_____

[3] To the extent that Zied brought her Due Process claim against the SSA, it is not properly characterized as a Bivens claim. However, that fact is immaterial because a two-year statute of limitations applies nonetheless. See Lake v. Arnold, 232 F.3d 360, 368-69 (3d Cir. 2000).

The incidents that form the basis of Zied's First Amendment retaliation claim occurred on February 4, 2002 and September 6, 2002, when the defendants made unfounded statements about whether Zied had exhausted her administrative remedies and made an unreasonable demand for her to appear in person at agency offices. The limitation period for these claims expired in September, 2004. Additionally, Zied makes reference to an October 2004 incident, but her complaint, read liberally, makes no mention of this event. Therefore, it is not properly within the scope of this case.

Zied's Privacy Act claim is barred by the Act's two-year statute of limitation, 5 U.S.C. § 552a(g)(5), because she knew of the agency's alleged errors when defendant Shopp sent her a letter that was unresponsive to her Privacy Act requests and she responded to it. That response occurred on August 24, 2002. Again, Zied's letter of complaint establishes that she was fully aware of her Privacy Act injury. Certainly, as the District Court pointed out, she knew of the harm caused by those errors in October, 2002 when her eligible child benefits were stopped. Zied's Privacy Act claim had to have been filed no later than October, 2004.

Federal equitable tolling also does not help Zied avoid the time-bar. Equitable tolling is appropriate where: (1) a defendant actively misleads a plaintiff with respect to her cause of action; (2) the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) the plaintiff asserts her claims in a timely manner but has done so in the wrong forum. See Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000). The District Court determined, and we agree, that no

8

extraordinary circumstances prevented Zied from filing a timely civil action, and she did not timely assert her claims in the wrong forum.

On the contrary, Zied's complaint makes it clear that she waited to bring her Rehabilitation Act, Bivens, FOIA, and Privacy Act claims until after she had exhausted her administrative remedies, see Complaint, at ¶ 13. She brought the instant civil action within 60 days of the SSA Appeals Council's April, 2006 decision, as required by 42 U.S.C. § 405(g), see id. at ¶ 15, but, as explained by the District Court and Magistrate Judge, the other counts in her original June, 2006 civil action have their own statutes of limitation. Section 405(g) does not apply to Zied's Rehabilitation Act, Bivens, FOIA, and Privacy Act claims. Equitable tolling applies only in extraordinary circumstances, and Zied's mistaken belief about the applicable law, even though she is a pro se litigant, is insufficient to excuse her failure to comply with the statutes of limitation applicable to her various claims. See Jones v. Morton, 195 F.3d 153, 160 (3d Cir. 1999).

In addition, as explained by the District Court, the continuing violations doctrine for extending a statute of limitation does not apply to injuries that occurred before the filing period if the plaintiff was aware, as Zied was, of those injuries at the time they occurred. See Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 417 n.6 (3d Cir. 2003). Also, there is no evidence that SSA actively misled Zied in any way and thus the doctrine of fraudulent concealment, see Mathews v. Kidder, Peabody & Co., Inc., 260 F.3d 239, 256 (3d Cir. 2001), does not apply.

We have carefully considered Zied's argument that her mental illness provides a basis for equitable tolling. In Lake, we held that, where a guardian conspires to deprive a

9

mentally incompetent person of her constitutional and civil rights, equitable tolling might be appropriate. 232 F.3d at 370-71. However mental incompetence is not per se a reason to toll a statute of limitation in a federal action. See, e.g., Barren by Barren v. United States, 839 F.2d 987 (3d Cir.1988). We have considered Zied's documentation, but, in light of her many letters of complaint, we are unable to agree that she lacked the mental capacity to timely prosecute her case. Cf. Barnhart v. United States, 884 F.2d 295, 299 (7th Cir. 1989) (equitable tolling not appropriate where litigant's disability did not prevent him from discovering and understanding the cause of his injury). As Zied notes in her brief, she wrote one of her letters of complaint to SSA on October 16, 2004, see Appellant's Brief, at 27, indicating that she was in fact capably pursuing her issues during the approximate time when the instant complaint should have been filed in federal court.

Last, we conclude that any amendment to the complaint would have been futile, see Foman v. Davis, 371 U.S. 178, 182 (1962) (district court may deny leave to amend when amendment is futile).

For the foregoing reasons, we will affirm the orders of the District Court dismissing the instant complaint and denying leave to amend.