**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
——————

No. 15-2821
——————

MINDY J. ZIED

v.

JO ANNE BARNHART, Commissioner of the Social Security Administration, in her official and individual capacities; SOCIAL SECURITY ADMINISTRATION; MR. HAWKSWORTH, SSA Employee, in his individual capacity; MRS. SHOPP, SSA Employee, in her individual capacity; J.A. BREEM, SSA Employee, in her individual capacity and any other unknown and unnamed individuals who may be liable on the claims stated here, in their individual and/or official capacities while working as federal employees for the U.S. or as an employee for the Social Security Administration at times when the claim set forth herein took place

Mindy Jaye Zied,
                                        Appellant

—————————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-06-cv-02305)
District Judge:  Honorable A. Richard Caputo

—————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2017
Before:  GREENAWAY, JR., GREENBERG and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 22, 2017 )

————————

OPINION[*]

————————

PER CURIAM

Pro se appellant Mindy Zied appeals the District Court's order denying her post-judgment motion. For the reasons set forth below, we will affirm.

Zied is a frequent and prolific litigant. In 2006, Zied filed a complaint in the District Court that both challenged the decision of an Administrative Law Judge (ALJ) concerning her Supplemental Security Income (SSI) benefits and raised a variety of statutory and constitutional claims. The District Court directed her to file separate actions — one challenging the ALJ's benefits determination and one raising her other claims. Zied complied. In the case that is currently before us in this appeal, she claimed that defendants — the Social Security Administration and several of its employees — had violated her rights under the First Amendment, the Fifth Amendment, Section 504 of the Rehabilitation Act of 1973, the Privacy Act of 1974, and the Freedom of Information Act. In D.C. Civ. A. No. 06-cv-01219, she pursued her disability appeal.

Ultimately, the District Court dismissed Zied's complaint in this action, concluding that all of her claims were time-barred. On March 17, 2011, we affirmed. See Zied v. Barnhart, 418 F. App'x 109, 111 (3d Cir. 2011) (per curiam) (non-precedential).

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

More than four years later, on June 24, 2015, Zied filed a motion to reopen her case and to amend her complaint. The motion — which is 227 pages long and contains 51 exhibits — is complicated and prolix. Zied discusses incidents dating back to the 1970s, complains about decisions made by District Judges in numerous separate cases, challenges the constitutionality of 42 Pa. Cons. Stat. § 8553 (which limits the amounts of damages that can be recovered in certain types of cases), and argues at length that she has been deprived of SSI benefits to which she is entitled. The District Court denied the motion, and Zied filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002).

The District Court acted well within its discretion here. While Zied's motion to reopen is properly construed as arising under Fed. R. Civ. P. 60(b), see id. at 208-09, she is not entitled to relief under any subsection of Rule 60(b). A motion under Rule 60(b)(1)–(3) must be filed within one year of the judgment that is challenged, and a motion under Rule 60(b)(5)–(6) must be filed "within a reasonable time." Rule 60(c)(1). Zied filed her motion more than four years after this Court's judgment, which is plainly untimely under either standard. See, e.g., Moolenaar v. Gov't of the V.I., 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b)(6) motion filed almost two years after judgment was not made within a reasonable time).

While these time limits do not apply to motions under Rule 60(b)(4), see United States v. One Toshiba Color TV, 213 F.3d 147, 157 (3d Cir. 2000) (en banc), Zied does

3

not claim that the District Court "lacked jurisdiction of the subject matter or the parties or entered 'a decree which is not within the powers granted to it by the law,'" Marshall v. Bd. of Educ., 575 F.2d 417, 422 (3d Cir. 1978) (quoting United States v. Walker, 109 U.S. 258, 266 (1883)).  Moreover, to be entitled to relief under Rule 60(b)(6), Zied must show "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."  Cox v. Horn, 757 F.3d 113, 115 (3d Cir. 2014) (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)).  She has not met this onerous standard.

For similar reasons, the District Court did not err in refusing to permit Zied to amend her complaint.  See generally Burtch v. Milberg Factors, Inc., 662 F.3d 212, 230-31 (3d Cir. 2011) (discussing standards governing post-judgment motions to amend).  To the extent that Zied sought to amend her complaint to raise allegations or claims that had been previously available to her, it was appropriate to deny leave to amend due to her undue delay.  See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273-74 (3d Cir. 2001).  To the extent that Zied raised claims concerning her SSI benefits, the District Court had previously ordered her to pursue her benefits appeal in a separate action; it was permissible for the Court to reject Zied's efforts to bring her benefits issues into this case at this late date.  Finally, while Zied asserted a number of other issues, we are satisfied that she failed to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).[1]

---

[1] Particularly in light of her history of inundating the courts with her filings, we also conclude that the District Court acted within its discretion in ruling on Zied's motion

Accordingly, we will affirm the District Court's judgment. We deny the appellees' request that we bar Zied from filing further papers without leave of Court. We also deny Zied's motions.

---

without awaiting her reply brief. <u>See generally</u> <u>In re Fine Paper Antitrust Litig.</u>, 685 F.2d 810, 817 (3d Cir. 1982).